PD-0380-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 30 2015

Abel Acosta, Clerk

March 10, 2015

Sharri Roessler, Clerk
Tenth Court Of Appeals
McLennan County Courthouse
501 Washington Ave., Room 415
Waco, TX 76701-1373

RECEIVED
MAR 2 4 2015
COURT OF APPEALS
WACO, TEXAS

Re: Petition For Discretionary Review - Rule 68, App. P.

This is the second Petition enclosed (1) Copy of original with Exhibits, marked A-K to be filed into record for Discretionary Review, Pursuant to App. P. R. 68. This first Petition was submitted on February 17, 2015 and for unknown (lying) reasons, by the jails mailroom Sgt., was returned to petitioner on 3/13/2015 (See, attached mail log/with Return to Sender Unable To Forward dated lable, of 3/07/15) Also, please find attached, letter from petitioner's attorney, dated January 22, 2015, received January 26, 2015 and a second letter from his Attorney, dated on February 14, 2015. It should be noted: that petitioner made a written complaint to the Warden about the 14 day time span, of the 2/17/15 first, mailed Petition and date stamped lable, from the Post Office on 3/07/2015, for Mail Tampering.

Thank you for your cooperation and assistance, I remain

Sincerely,

_Gregory Damm_
Petitioner's Signature

# IN THE TENTH COURT OF APPEALS

# GREGORY PAUL DAMM

## NO. 10-14-00381-CR

---

# PETITION FOR DESCRETIONARY REVIEW

---

## RULE 68

---

Gregory Paul Damm
C-724 P.O. Box 908
St. Tammony Parish Jail
Covington, LA 70434

## 1. Background

Mr. Damm was arrested on October 13, 2014, in his company work truck, at his home, in the Mobile Home Park located at 3600 N. Cummings Dr. Lot #90 Alvarado, Tx., by U.S. Marshal Willie Evans, whom assisted Johnson County Sheriff's Office.

On October 15, 2014, Damm was taken infront of Johnson County's Magistrate Ronald McPherson, read the charge from St. Tammany Parish, warrant #386438, set bail at: "No Bond."

On October 17, 2014, Damm received a letter from Public Counselor Ricardo De Los Santos, who advised Damm, he was Appointed by the Court to represent him. On October 22, 2014, Mr. Damm went before Judge Wayne Bridewell, 249th District Court Johnson County, Texas read the Waiver of Extradition, which Mr. Damm refused to waive.

Damm's Attorney of record, informed the Court, he would be filing a Writ of Habeas Corpus, for: "No Bond" and that was filed on October 23, 2014, by Damms Attorney, which Damm received a copy on 10/24/2014, at the jail, scheduled for 11/14/2014. (See, attached letter, dated October 29, 2014)

On November 14, 2014 Damm was not taken to the Court 18th Judicial District Judge John E. Neill at 8:30 A.M. at Guinn Justice Center, 204 S. Buffalo St. Cleburne, Tx

2.

On November 20, 2014, 6 days after Damm's pre-scheduled Writ of Habeas Corpus hearing, was supposed to take place. (See, attached letter, exhibit "D" on the record) Damm's Court Appointed Attorney "per his request," the hearing was reset for hearing on the Application for Writ of Habeas Corpus, Tuesday December 16, 2014, at 9:00 a.m. in the 18th District Court, Cleburne Johnson County Texas.

Damm remained incarcerated from 10/13/14-to-12/11/14, with "NO BOND."

## 2. Applicable Law

Under the Texas C.Cr.P. Arts' 1.09, 17.15 and 55.05, as well as the Eighth and Fourteenth Amendments, to the U.S. Const; Article I §§§ 11, 13 and 19 of the Texas Constitution; "No Bond" is oppressive and Unconstitutional, where the defendant should be entitled to post bond.

Pursuant to Section 3 of the U.C.E.A, states in relevant part: No demand for the extradition of a person charged with a crime... by a copy of an indictment found or by information ... together with a Statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement (i.e., fugitive from justice)... or broken the terms of his bail, probation or parole.

The language of the Extradition Clause is vague and has too many "or's" and "together's", but the words, by a copy

3.

of an indictment found or by information creates the mandatory duty to deliver up <u>fugitives</u>, not, completely <u>free persons</u>, who are not bound to the demanding State, under the terms of bail, probation, or parole, or haven't escaped, either.

The UCEA clarifies; (1) fugitives, (2) criminal charges are outstanding, (3) fugitive from justice.

" ... supported by affidavit ~~before a~~ in the State having jurisdiction of the crime. From evidence of the Affidavit of Probable Cause recites the: <u>Duty of Offender to notify law enforcement of change of address.</u> Damm, does not argue, because thats his Court Appointed Attorney's job and he, merely argued, that the date on the Affidavit of warrant was incorrect. Had his Attorney subpoenaed Damm's Sorna document, which he refused to do, it would have been clear that Damm could not have committed any crime in Louisiana (See, attached SORNA, exhibit "E"), due to the October 29, 2011 registration end date provided by the Louisiana Dept of Public Safety & Corrections. This does not give the State the jurisdiction of charging Damm with a violation of R.S. 15:542 or .1.2, ect... because he has never been bound under that particular law. Since Damm's parole had ended on 11/30/13 after being illegally convicted on the same crime, twice, of "failure to register, alleged on the same date; 12/01/2011, in both the, Iberi and St. Tammany Parishes, constitutes as double jeopardy, a violation of Damm's 5th Amendment, to the U.S. Constitution.

4.

Damm contends that his Court Appointed Attorney, did cite relevant authority, under C.Cr.P. Art. 51.13 of the Texas Code, which States; that it be invoked and his Counsel requested the governor designate another signator to the Governor's Warrant.

In Ex parte Stowell, 940 S.W. 2d 241, 242 (Tex-App.- San Antonio 1997, no pet.) and this Tenth Court of Appeals Justices Gray, Davis and Scoggins contentions are incorrect, that Damm's Attorney, did not, cite any relevant authority.

## 3. Affidavit of Probable Cause

If Damm, would have been consulted by his Attorney, whom did not allow his client to review his Appeal, before submitting it to this Court, does not allow Damm to assist in his defense and balances on the 3 pronge test, under Washington v. Strickland

Only due to these evidences in the record; whereupon, first, the cancelled November 14, 2014 Habeas Corcus hearing being too much of a coincidence, that Governor Rick Perry had signed the Warrant on that exact date. But Damm's Attorney, had revealed in a visit, to the jail, before that date, around 10/17/14, that Dale Hanna, D.A., had called and told Governor Rick Perry, that my Attorney and I, were challenging his signature and that angered the Governor alot. On more than one occasi Damm's Attorney, stated to him, that the Judge and D.A. were mad at him and he could loose his job. This was of no assistance, in Damm's best interest, by his attorney, but rather preassure, to satisfy his boss Dale Hanna, whom Public

Counselors work for, in the Courtroom, everyday, sharing of clients confidential information, of Court Appointed, not hired Attorneys' clients.

The Affidavit of Probable Cause, that the Governor relied on, even if, Damm would have been under the Sex Offender Law of R.S. 15:542 and violated .1.2, is contidictive. It actually states

... " on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Dept Sex Offender Registry and adviser that he was relocating to 313 University Place Belleville, Ill and provided his brothers phone number as a contact.

... He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address.

This is what Damm would have argued, had he had these copies of Application For Requisition of Extradition and/or, the Affidavit of Probable Cause, that his Attorney, sent to him, only, when his Attorney filed the Appeal. This is important withheld information, "Brady Material" that had it been given to Damm before his December 2, 2014 Extradition Hearing, Damm's out-come, in the Trial Court, would have been different.

Both these documents, have the same contidictive languoo and thats difficult to believe, that both Governors', couldn't see the same plain sight contidictions, that Damm, alleginaly violated. To the contrary, Damm complied with this Law, even when he was under no term of the alleged demanding State, to comply with, this or any Louisiana Law.

6.

The other erroneous contention, that only makes Sergeant Villatoe affidavit of probable cause, to be incorrect, is that, if infact, Damm's name was entered into NCIC for an increased opportunity of apprehension, on July 25, 2014, then, Damm would have been arrested at the Texas DMV, when he obtained his Texas Driver's License, on September 25, 2014. All DMV applicants are run through NCIC, before they're issued a drivers license. It was issued to me in 1999 and expired, on ~~12-28-2003~~.

## A. The Governor's Extradition Warrant

Issues I-III, all contain erroneous allegations, that Damm did not argue, in his brief and wouldn't have argued, due to not having a complete copy of these documents, that was sent only after, Damm was extradicted back to Louisiana, on 12/1 14. Damm's Attorney, submitted this Appeal Brief by E-mail, one day, before, he was taken back to Louisiana, on 12/11/14, according to the Notice of Filing, to the Tenth Court of Appeals, docket sheet.

In No. I. on Page 2, under Background[2], the allegations can never be the facts in this case and they're far from being undisputed, because Damm did not attach to his brief, those documents or a copy of the transcript, from the hearing on hi habeas-corpus application. However, now that Damm has all documents relevant to the complete record, the enclosed exhibits marked, A-?[K], his Petition for Descretionary Review

7.

should be Damm's arguments and exhibits considered, and substituted, as his Appellant's Brief.

### 5. Conclusion

For the reasons stated above in this Petition and had Damm not been deprived of Due Process of law and his original Habeas Corpus hearing, set for 11/14/2014, not been canceled. By; per request of my Attorney, corroborating with the D.A. Dale Hanna, collided the Governor Rick Perry, angering him, so he'd issue the Extradition Warrant, on the same date, as Damm's Habeas-Corpus, for "No Bond" and allegedly reset, is no coincidence. The D.A. and Damm's Attorney knew, that once the Warrant by Governor Rick Perry was signed, Damm could not Bond out.

The Trial Court did abuse its discretion in concluding that the Governor's Warrant of Extradition of Damm to Louisiana, is valid. Damm, also concludes, that the reason the St. Tammany Parish Sheriff's Sgt. Vittotoe, never included information about Damm completing his parole, is because, this is one of the requirements, under the UCEA under Section 3 of being a fugitive from justice. The same reason Damm's Attorney, didn't want to Subpoena his SORNA document, because this is the evidence, that Damm, would have proven beyond a preponderance of the evidence. (Now see, attached exhibit "E")

Accordingly, appellant requests this Courts decision be reversed and the Governor (former) Rick Perry's Extradition Warrant, be recalled and Damm be released, back to

8.

the State of Texas, for his safety, he submitts this petition with his arguements, after receiving the documents of the whole record, with his exhibits for discretionary review under Rule 68 of App. P.

Respectfully submitted,

Gregory Paul Damm C-724
P.O. Box 908 S.T.P.S.O.
Covington, LA 70434

9.

March 10, 2015

Sharri Roessler, Clerk
Tenth Court Of Appeals
McLennan County Courthouse
501 Washington Ave, Room 415
Waco, TX 76701-1373

Re: Petition For Discretionary Review - Rule 68, App. P.

This is the second Petition enclosed (1) Copy of original with Exhibits, marked A-K to be filed into record for Discretionary Review, Pursuant to App. P. R. 68. This first Petition was submitted on February 17, 2015 and for unknown (lying reasons, by the jails mailroom Sgt., was returned to petitioner on 3/13/2015 (See, attached mail log/with Return to Sender Unable To Forward dated lable, of 3/07/15) Also, please find attached, letter from petitioner's attorney, dated January 22, 2015, received January 26, 2015 and a second letter from his Attorney, dated on February 14, 2015. It should be noted: that petitioner made a written complaint to the Warden about the 14 day time span, of the 2/17/15 first, mailed Petition and date stamped lable, from the Post Office on 3/07/2015, for Mail Tampering.

Thank you for your cooperation and assistance, I remain
Sincerely,

__Gregory Damm__
Petitioner's Signature

# IN THE TENTH COURT OF APPEALS

## GREGORY PAUL DAMM

NO. <u>10-14-00381-CR</u>

---

## PETITION FOR DESCRETIONARY REVIEW

---

## RULE 68

---

Gregory Paul Damm
C-724 P.O. Box 908
St. Tammany Parish Jail
Covington, LA 70434

## 1. Background

Mr. Damm was arrested on October 13, 2014, in his company work truck, at his home, in the Mobile Home Park located at 3600 N. Cummings Dr. Lot #90 Alvarado, Tx., by U.S. Marshal Willie Evans, whom assisted Johnson County Sheriff's Office.

On October 15, 2014, Damm was taken infront of Johnson County's Magistrate Ronald McPherson, read the charge from St. Tammany Parish, warrant #386438, set bail at: "No Bond."

On October 17, 2014, Damm received a letter from Public Counselor Ricardo De Los Santos, who advised Damm, he was Appointed by the Court to represent him. On October 22, 2014, Mr. Damm went before Judge Wayne Bridewell, 249th District Court Johnson County, Texas read the Waiver of Extradition, which Mr. Damm refused to waive.

Damm's Attorney of record, informed the Court, he would be filing a Writ of Habeas Corpus, for: "No Bond" and that was filed on October 23, 2014, by Damms Attorney, which Damm received a copy on 10/24/2014, at the jail, scheduled for 11/8/14, 2014. (See, attached letter, dated October 29, 2014)

On November 14, 2014 Damm was not taken to the Court 18th Judicial District Judge John E. Neill at 8:30 A.M. at Guinn Justice Center, 204 S. Buffalo St. Cleburne, Tx

2.

On November 20, 2014, 6 days after Damm's pre-scheduled Writ of Habeas Corpus hearing, was supposed to take place. (See, attached letter, exhibit "D" on the record) Damm's Court Appointed Attorney, per his request, the hearing was reset for hearing on the Application for Writ of Habeas Corpus, Tuesday December 16, 2014, at 9:00 a.m. in the 18th District Court, Cleburne Johnson County Texas.

Damm remained incarcerated from 10/13/14-to-12/11/14, with "NO BOND".

## 2. Applicable Law

Under the Texas C.Cr.P. Arts' 1.09, 17.15 and 55.05, as well as the Eighth and Fourteenth Amendments, to the U.S. Const; Article I §§§ 11, 13 and 19 of the Texas Constitution; "No Bond" is oppressive and Unconstitutional, where the defendant should be entitled to post bond.

Pursuant to Section 3 of the U.C.E.A, states in relevant part: No demand for the extradition of a person charged with a crime... by a copy of an indictment found or by information ... together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement(i.e., fugitive from justice).... or broken the terms of his bail, probation or parole.

The language of the Extradition Clause is vague and has too many "or's" and "together's", but the words, by a copy

3.

of an indictment found or by information creates the mandatory duty to deliver up <u>fugitives</u>, not, completely <u>free persons</u>, who are not bound to the demanding State, under the terms of bail, probation, or parole, or haven't escaped, either.

The UCEA clarifies; (1) fugitives, (2) criminal charges are outstanding, (3) fugitive from justice.

"... supported by affidavit ~~before a~~ in the State having jurisdiction of the crime. From evidence of the Affidavit of Probable Cause recites the; <u>Duty of Offender to notify law enforcement of change of address.</u> Damm, does not argue, because thats his Court Appointed Attorney's job and he, merely argued, that the date on the Affidavit of warrant was incorrect. Had his Attorney <u>subpoenaed</u> Damm's Sorna document, which he refused to do, it would have been clear that Damm could not have committed any crime in Louisiana (Seen attached SORNA, exhibit "E"); due to the October 29, 2011 registration end date provided by the Louisiana Dept of Public Safety & Corrections. This does not give the State, the jurisdiction of charging Damm with a violation of R.S. 15:542 or .1.2, ect... because he has never been bound under that particular law. Since Damm's parole had ended on 11/30/13 after being illegally convicted on the same crime, twice, of "failure to register, alleged on the same date; 12/01/2011, in both the, Iberi and St. Tammany Parishes, constitutes as double jeopardy, a violation of Damm's 5th Amendment, to the U.S. Constitution.

4.

Damm contends that his Court Appointed Attorney, did cite relevant authority, under C.Cr.P. Art. 51.13 of the Texas Code, which states; that it be invoked and his Counsel requested the governor designate another signator to the Governor's Warrant.

In Ex parte Stowell, 940 S.W.2d 241, 242 (Tex-App.-San Antonio 1997, no pet.) and this Tenth Court of Appeals Justices Gray, Davis and Scoggins contentions are incorrect, that Damm's Attorney, did not, cite any relevant authority.

## 3. Affidavit of Probable Cause

If Damm, would have been consulted by his Attorney, whom did not allow his client to review his Appeal, before submitting it to this Court, does not allow Damm to assist in his defense and balances on the 3 pronge test, under Washington v. Strickland

Only due to these evidences in the record; whereupon, first, the cancelled November 14, 2014 Habeas Corpus hearing being too much of a coincidence, that Governor Rick Perry had signed the Warrant on that exact date. But Damm's Attorney, had revealed in a visit, to the jail, before that date, around 10/17/14, that Dale Hanna, D.A., had called and told Governor Rick Perry, that my Attorney and I, were challenging his signature and that angered the Governor alot. On more than one occas Damm's Attorney, stated to him, that the Judge and D.A. were mad at him and he could loose his job. This was of no assistance in Damm's best interest, by his attorney, but rather preassure, to satisfy his boss Dale Hanna, whom Public

Counselors work for, in the Courtroom, everyday, sharing of clients confidential information, of Court Appointed, not hired Attorneys' clients.

The Affidavit of Probable Cause, that the Governor relied on, even if, Damm would have been under the Sex Offender Law of R.S. 15:542 and violated .1.2., is contridictive. It actually states

..." on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Dept Sex Offender Registry and advised that he was relocating to 313 University Place Belleville, Ill and provided his brothers phone number as a contact.

... He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address.

This is what Damm would have argued, had he had these copies of Application For Requisition of Extradition and/or the Affidavit of Probable Cause, that his Attorney sent to "him", only, when his Attorney filed the Appeal. This is important withheld "information" Brady Material", that had it been given to Damm before his December 2, 2014 Extradition Hearing, Damm's out-come, in the Trial Court, would have been different.

Both these documents, have the same contridictive language and thats difficult to believe, that both Governors', couldn't see the same plain sight contridictions, that Damm, alleginaly violated. To the contrary, Damm complied with this Law, even when he was under no term of the alleged demanding State, to comply with, this or any Louisiana Law.

The other erroneous contention, that only makes Sergeant Villatoe affidavit of probable cause, to be incorrect, is that, if intact, Damm's name was entered into NCIC for an increased opportunity of apprehension, on July 25, 2014, then, Damm, would have been arrested at the Texas DMV, when he obtained his Texas Driver's License, on September 25, 2014. All DMV applicants are run through NCIC, before they're issued a drivers license. It was issued to me in 1999 and expired, on ~~12-28-2005~~.

## A. The Governor's Extradition Warrant

Issues I-III, all contain erroneous allegations, that Damm did not argue, in his brief and wouldn't have argued, due to not having a complete copy of these documents, that was sent only after, Damm was extradited back to Louisiana, on 12/1 14. Damm's Attorney, submitted this Appeal Brief by E-mail, one day, before, he was taken back to Louisiana, on 12/11/14, according to the Notice of Filing, to the Tenth Court of Appeals, docket sheet.

In No. I. on Page 2, under Background[2], the allegations can never be the facts in this case and they're far from being undisputed, because Damm did not attach to his brief, those documents or a copy of the transcript, from the hearing on his habeas-corpus application. However, now that Damm has all documents relevant to the complete record, the enclosed exhibits marked, A-?, his Petition for Descretionary Review

should be Damm's arguments and exhibits considered, and substituted, as his Appellant's Brief.

## 5. Conclusion

For the reasons stated above in this Petition and had Damm not been deprived of Due Process of law and his original Habeas Corpus hearing, set for 11/14/2014, not been cancelled, By; per request of my Attorney, corroborating with the D.A. Dale Hanna, collided the Governor Rick Perry, angering him, so he'd issue the Extradition Warrant, on the same date, as Damm's Habeas-Corpus, for "No Bond" and allegedly reset, is no coincidence. The D.A. and Damm's Attorney knew, that once the Warrant by Governor Rick Perry was signed, Damm could not Bond out.

The Trial Court did abuse its discretion in concluding that the Governor's Warrant of Extradition of Damm to Louisiana, is valid. Damm, also concludes, that the reason the St. Tammany Parish Sheriff's Sgt. Vittotoe, never included information about Damm completing his parole, is because, this is one of the requirements, under the UCEA under Section 3 of being a fugitive from justice. The same reason Damm's Attorney, didn't want to Subpoena his SORNA document, because this is the evidence, that Damm, would have proven, beyond a preponderance of the evidence. (Now See, attached exhibit "E")

Accordingly, appellant requests this Courts decision be reversed and the Governor (former) Rick Perry's Extradition Warrant, be recalled and Damm be released, back to

8.

the State of Texas, for his safety, he submitts this petition with his arguements, after receiving the documents of the whole record, with his exhibits for discretionary review under Rule 68 of App. P.

Respectfully submitted,

Gregory Paul Damm C-724
P.O. Box 908 S.T.P.S.O.
Covington, LA 70434

9.

# RICARDO DE LOS SANTOS   P.C.

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX:     (817) 641-2525

January 22, 2015

## LEGAL MAIL

2014300
GREGORY DAMM C-72A
P. O. BOX 908
COVINGTON, LA 70434

**RE:   APPEALS**

Dear Mr. Damm:

Please be advised that I am in receipt of your letter dated January 6, 2015, which I received on January 21, 2015.

Sir, please find enclosed a copy of the appeals I submitted to the Tenth Court of Appeals and the Texas Court of Criminal appeals along with all attachments.

Sir, with this letter and attachments and your letter in which you stated that you intend to represent yourself in the Tenth Court of Appeals, I am advising you that I am closing your case.  As you know I was Court Appointed and I spent an extraordinary time in your case.

Thank you for your attention to this matter.

Very Truly Yours,

Ricardo De Los Santos
Attorney at Law
Attachments

c:     File 2014300

# RICARDO DE LOS SANTOS   P.C.

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX:     (817) 641-2525

**February 14, 2015**

**TENTH COURT OF APPEALS**
**McLennan County Courthouse**
**501 Washington Avenue, Rm. 415**
**Waco, Texas 76701-1373**

RE;        **Court of Appeals Number:**   **10-14-00381-CR**
           **Trial Court Case Number:**    **201400025**

Honorable Court:

Please be advised I am attaching a copy of the certified and regular mail as required by TEX. R. App. P. 48.4.

Said communication has been sent to my client in accordance with the rules.

Thank you for your attention to this matter.

Very Truly Yours,


Ricardo De Los Santos
Attorney at Law


Attachment (2)


cc:   File 2014300
      Client

# MAGISTRATE'S WARNING- JOHNSON COUNTY, TEXAS    A

➤   Before me, the undersigned magistrate personally appeared:     _10/14/14_

**ARRESTED PERSON: First:** _Gregory_    **Middle:** _Paul_    **Last:** _Damm_

➤   PROBABLE CAUSE DETERMINATION: NOTE:✓ ✓-CHECK MARKS REQUIRE RESPONSE

Sufficient facts have been presented to me under oath by affidavit, sworn testimony, or otherwise to show that probable cause exists for the continued detention of the arrested person designated above as to the following listed charges:

**Magistrate:** _____    **Court:** _JPI_    **Date:** _10·15·14_

You, the arrested person have been brought before me, a Magistrate of Johnson County, Texas, after your arrest and you are accused of the following criminal offenses: ➤➤ ✓✓ IS THE ARRESTED PERSON CURRENTLY ON BAIL FOR A PRIOR ARREST? YES ___ NO ___

| OFFENSE CHARGED: | AGENCY/WARRANT NO. OR AFFADAVIT: | BAIL SET AT: |
|---|---|---|
| 1. _Viol of Duty of Offender_ | _St Tammany Parish 386438_ | $ _No Bond_ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |
| 5. | | $ |
| 6. | | $ |
| 7. | | $ |

➤   YOU ARE GIVEN THE FOLLOWING WARNINGS:

1. You have a right to hire an attorney to represent you.
2. You have the right to remain silent.
3. You have the right to have an attorney present prior to and during any questioning by peace officers or attorneys representing the State.
4. You have a right to terminate or stop the interview or questioning at any time.
5. You are not required to make a statement, and any statement you make can and may be used against you in court.
6. You have a right to an examining trial if you are arrested for a felony offense prior to your indictment.
7. You have the right to request appointment of an attorney if you cannot afford to hire an attorney.

➤   THE MAGISTRATE WILL INFORM THE ARRESTED PERSON OF THE FOLLOWING PROCEDURES:

1. That an application (necessary forms) for a court appointed attorney must be completed by the arrested person to determine if the arrested person qualifies for a court appointed attorney.
2. That reasonable assistance will be provided to the arrested person to complete the necessary forms required to request a court appointed attorney.
3. That the arrested person will be requested to sign a financial affidavit.
4. That an affidavit is a written or printed declaration or statement of facts made voluntarily and confirmed by oath before a person having authority to administer such oath.
5. That the arrested person qualifies for a court appointed attorney if the arrested person is indigent.
6. That an arrested person who is appointed a court appointed attorney will be given the appointed attorney's name, address, and telephone number.
7. That the appointed attorney shall make every reasonable effort to contact the arrested person not later than the end of the first working day after the date on which the attorney is appointed and to interview the arrested person as soon as practicable after the attorney is appointed.

✓✓MAGISTRATE MUST ASK: "DO YOU WANT TO REQUEST A COURT APPOINTED ATTORNEY (APPOINTMENT OF COUNSEL)?" _____ (✓)
✓✓ THE ARRESTED PERSON DOES _____ DOES NOT _____ REQUEST A COURT APPOINTED ATTORNEY.

➤   NOTICE OF VIENNA CONVENTION ON CONSULAR RELATIONS:

1. If you are not a United States citizen and you have been arrested or detained, you may be entitled to have us notify your country's consulate officials in the United States.
2. ✓✓ DO YOU WANT US TO NOTIFY THE CONSULATE OFFICIALS OF YOUR COUNTRY?   YES___   NO ___
3. ✓✓ IF YOU HAVE RESPONDED YES: WHAT COUNTRY DO YOU REQUEST TO BE NOTIFIED? _____
4. If you are a citizen of a country that requires us to notify your country's consulate officials, we will make the notification as soon as practical.

I ACKNOWLEDGE THAT I WAS GIVEN THE ABOVE STATED INFORMATION, WARNINGS, AND NOTICE:

X _____
**Arrested Person's Signature**

ARRESTED PERSON DECLINED TO SIGN ACKNOWLEDGEMENT

SIGNATURE OF ARRAIGNING MAGISTRATE

**MAGISTRATE:** _Ronald R. Brown_
**COURT:** _JPI_
**DATE:** _10·15·14_    **TIME:** _7_ AM/PM

✱ Witness's signature ( if any) _____
✱ Printed name of witness: _____
✱ This hearing was interpreted by : _____

Magistrate's Signature _____

Interpreter's Signature _____

Original to: Jail. Copies to: Defendant, Prosecutor

# EXH-B

1. Letter to Marissa Mange on 12/17/14 from G.D.
   Did Not Receive!

2. Christmas & Birthday Card to Marissa on 12/26/14 from G.D.
   Did Not Receive!                                    1/05/15

3. Letter to Belinda Brown on 1/15/15, mailed from K.G.
   Did Not Receive! Verified By her Nephew!

4. Lette to Texas Attorney on 1/15/15, from G.D.
   Did Receive, Sent to me Certified Mail-Signature Returned

5. Large Manilla Envelope to Marissa on 1/19/15, from K.G.
   Did Not Receive!

* 6. Large Manilla Envelope to Texas Tenth Court/Appeals on 2/17/15, G.
   Returned To Sender Not Forwardable on 3/07/15, by jail Mailroom

7. Letter to Covington U.S. Post Office on 3/04/15, from G.D.
   No Response, after Lt. Lorton sent me address, on Keyes.

Lable On Envelope
Sent to Tenth CoA

```
NIXIE      767014003-1N        03/07/15
RETURN TO SENDER  RECEIVED
UNABLE TO FORWARD
UNABLE TO FORWARD  MAR 13 2015
RETURN TO SENDER

Rec'd back from
Post Office
```

# RICARDO DE LOS SANTOS PC

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX:    (817) 641-2525

October 17, 20¹ ˙

**RE:   COURT APPOINTMENT**

Please be advised that I have been Court Appointed to represent you.

I will be visiting you in the near future and I am requesting that you do not discuss or communicate your case with anyone until you and I have had an opportunity to meet personally.

Since my appointment your constitutional rights have attached, that is, you have the right to be represented by an attorney.

If you have made bond, please call my office as soon as possible to make an appointment.

Thank you for your attention to this matter.

Sincerely,

Ricardo De Los Santos
Attorney at Law

cc:   File

EXH-D

# RICARDO DE LOS SANTOS

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX: (817) 641-2525

October 29, 2014

GREGORY PAUL DAMM
1800 RIDGMAR
CLEBURNE, TX. 76031

| | | |
|---|---|---|
| *RE:* | ~~Hearing~~ *Hearing* | Friday, November 14, 2014 |
| *Time:* | | 8:30 AM |
| *Court:* | | 18th Judicial Court |
| *Floor:* | | 2nd |
| *Cause No.:* | | X201400025 |

Dear GREGORY DAMM,

Please be advised that your case has been set for ~~Jury Trial~~ Hearing on November 14, 2014 8:30:00 AM at the 18th Judicial Court, Guinn Justice Center, 204 S. Buffalo, Cleburne, Texas 76033

## YOU WILL NEED TO BE PRESENT ON THE ABOVE NOTED DATE AND TIME.

With best wishes, I remain,

Very Truly Yours,

Ricardo De Los Santos
Attorney at Law

cc:    File 2014300

EXH-E
201430o  11/21/14= Copy To Client



Sharon Powell
Civil Court Coordinator
817-556-6193

Joy Penney
Criminal Court Coordinator
817-556-6820

Renee Hall
Court Reporter
817-556-6822

# JOHN E. NEILL
## DISTRICT JUDGE
18TH Judicial District of Texas
Johnson and Somervell Counties

November 20, 2014

Richard De Los Santos
Attorney At Law
202 S. Main St.
Cleburne, Texas 76031

Re:     Cause No. X201400025.
        State of Texas vs Gregory Paul Damm

Dear Counselor;

   Per your request, the above referenced cause is reset for hearing on the Defendants
Application for Writ of Habeas Corpus, Tuesday December 16, 2014, at 9:00 a.m., in the 18th
District Court, Cleburne, Johnson County Texas.

Sincerely,

Joy Penney
18th District
Criminal Coordinator

Cc: Dale Hanna
District Attorney

Gregory Paul Damm

2014 NOV 20 PH 12:52
DAVID R. LLOYD
DISTRICT CLERK
JOHNSON COUNTY
BY
FILED

Guinn Justice Center     204 S. Buffalo     Cleburne, Texas 76033     Metro (817) 558-0111


EXH-F

## State of Louisiana
# Sex Offender Registration Form

### REGISTRATION INFORMATION

| | | | |
|---|---|---|---|
| Compliance: | COMPLIANT | Registration Start Date: | 10/29/2011 |
| Status: | Active | Registration End Date: | 10/29/2011 |

### ALIAS

| Alias Name: | Alias DOB: | Alias DL #: | Alias SSN: | Alias FBI#: |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

### ADDRESSES

Home:

Date: None

Address: 517 BROAD STREET CALINVILLE, IL 62626

| County/Parish: Macoupin | Minors at Location: N |
|---|---|

Comments: None

### PHONE NUMBERS

| PHONE#: | DESCRIPTION: |
|---|---|
| NONE | NONE |

### EMPLOYMENT

| Employment Dates: | Position: | Business Name & Address: | County/Parish: | Supervisor & Phone: |
|---|---|---|---|---|
| None - None | NONE | NONE | NONE | NONE NONE |

### PROFESSIONAL LICENSES

| License Date: | Authority: | Number: | Description: |
|---|---|---|---|
| None | None | None | None |

### SCHOOL

| School Name: | School Address: | County: | Phone: |
|---|---|---|---|
| NONE | NONE | None | None |

### VOLUNTEER

| Organization: | Organization Address: | County: | Phone: |
|---|---|---|---|
| NONE | NONE | NONE | NONE |

### ASSOCIATES

| Associate Name | Associates Address & Phone# | Relationship to Offender | Age | Lives w/ Offender |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

### ANY VEHICLES OWNED/OPERATED BY AN OFFENDER

| |
|---|
| |

I attest that the information that I have provided and listed above is accurate _G.D._ so dated _10/20/2011_


EXHIBIT 3

state." *Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). Once the governor has granted extradition, a court considering release on habeas can do no more than decide: (1) "whether the extradition documents on their face are in order"; (2) "whether the petitioner has been charged with a crime in the demanding state"; (3) "whether the petitioner is the person named in the request for extradition"; and (4) "whether the petitioner is a fugitive." *Id.* (citing *Doran*, 439 U.S. at 289, 99 S. Ct. at 527-28).

"An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003)); *see Ex parte McWilliams*, 272 S.W.2d 531, 531 (Tex. Crim. App. 1954). The applicant bears the burden to prove that he is entitled to the relief sought by a preponderance of the evidence. *Kniatt*, 206 S.W.3d at 664.

### III.    THE AFFIDAVIT FOR ARREST WARRANT

In his first issue, Damm contends that the extradition documents were not facially in order because Sergeant Vittatoe's affidavit for arrest warrant contained the wrong date pertaining to the commission of the charged offense. We decide this issue by comparing the extradition documents to the requirements of the UCEA. *See Rayburn v. State*, 748 S.W.2d 285, 288-89 (Tex. App.—Tyler 1988, no pet.).

Section 3 of the UCEA states in relevant part:

No demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the

EXHIBIT-₁ G₁

time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of the State; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand . . . .

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3.

Here, the governor's extradition warrant, which included the requisition demand from the Governor of Louisiana, recites that Damm was charged with the offense of failure of a sex offender to notify law enforcement of a change of address. In this issue, Damm does not challenge the identity or presence elements of the analysis, nor does he argue that he did not commit a crime in Louisiana, the demanding state. Instead, Damm merely argues that the alleged date of the commission of the crime was incorrect and, therefore, the extradition documents were not facially in order. We disagree.

In his original affidavit for arrest warrant executed on July 24, 2014, Sergeant Vittatoe stated that Damm personally advised the St. Tammany Parish Sheriff's Office of his change of address on December 5, 2014. However, Sergeant Vittatoe executed an affidavit of clarification on October 30, 2014, stating that Damm actually appeared in person at the Sheriff's Office on December 5, 2013, not December 5, 2014. Additionally,

Ex parte Damm

EXH-2 G

# EXH-H-1

## State of Louisiana Uniform Commitment Order

Judicial District 16TH

Court Section IBE

Parish of Commitment Iberia

Docket Number 12-0188

| Defendant/Case Identifiers: | | | | |
|---|---|---|---|---|
| Name of Convicted | Gregory P. Damm | | | |
| Race | White | Date of Birth (MM/DD/YYYY) | 12/28/1965 | |
| Sex | Male | State ID Number | 002249473 | |

### Total Sentence (total length of incarceration imposed)
To be imprisoned at hard labor in the custody of the Department of Public Safety and Corrections for:

| UNE (1) | Years | ∅ | Months | ∅ | Days |
|---|---|---|---|---|---|

### Sentence Details:

| Convicted of: (Revised Statute Number) | Number of Counts | Verdict/Plea: | Sentence Length (Example : 2 year, 6 months, 30 days) |
|---|---|---|---|
| 15:542.27 | UNE (1) | GUILTY | UNE (1) YEAR |
| | | | |

### Sentence/Offense Dates (MM/DD/YYYY):

| | | | | | |
|---|---|---|---|---|---|
| Offense Date(s) | December 1, 2011 | | | | |
| Adjudication Date | 06/06/2012 | | | | |
| Sentence Date | 06/06/2012 | | | | |
| Revocation Date(s) | | | | | |

### Sentence Conditions:

| Sentence Conditions: | Docket Number | Parish, Judicial District of Docket Number |
|---|---|---|
| Concurrent with: (list docket numbers, parish, and Judicial District) | | |
| | | |

| Cosecutive to: (list docket numbers, parish, and Judicial District) | | |
|---|---|---|
| | | |

### Special Comments or Instructions (such as suspended sentence or good time):
CREDIT FOR ALL TIME SERVED AWAITING DISPOSITION OF DOCKET NUMBER 12-0188 INCLUDING TIME SERVED IN THE PARISH OF ST. TAMMANY.

### Involved Parties (Printed Names):

| Minute Clerk: | Prosecutor: Jennifer S. Reasoner |
|---|---|
| Court Reporter: | Defense Attorney: |

The above sentence, handed down in Open Court, is the order of this Court and this shall be sufficient warrant for its execution.

Thus Done and Signed this _6_ day of _June_, 20_12_

_____
Judge's Signature

| Judge's Printed Name and Mailing Address: |
|---|
| |

## Boudreaux, Lt Linda

**From:** Marie.Campbell@dps.la.gov
**Sent:** Tuesday, November 29, 2011 9:13 AM
**To:** shannon.arnold@dps.la.gov
**Cc:** Boudreaux, Lt Linda
**Subject:** Re: FYI

Shannon,
He is an OOS offender who has failed to register in Louisiana.

Linda,
please investigate and advise.

Marie Campbell - Criminal Records Analyst-5
Louisiana State Police/Technical Support Services
Sex Offender/AFIS Quality Assurance/Fingerprints
Phone (225)925-6001
Fax    (225)925-7005
    Shannon Arnold/LSP/DPS/LAGOV

|  |  |  |
|---|---|---|
| **Shannon Arnold/LSP/DPS/LAGOV** |  |  |
| 11/28/2011 01:11 PM | To | Marie Campbell/LSP/DPS/LAGOV@LADPS |
|  | cc |  |
|  | Subject | FYI |

Good afternoon,

Ok, I'm stumped on this one! This subject is not listed in the Louisiana sex offender registry and doesn't have his license flagged; however, when you run him through NCIC it comes back with a sex offender hit.

```
MKE/SEXUAL OFFENDER
ORI/LALSP3101 NAM/DAMM, GREGORY PBROWN SEX/M RAC/W
DOB/19651228 HGT/600 WGT/196 EYE/BLU HAI/BRO FBI/565439DA5
SMT/SC L HND
SOC/594079339
ORD/20111029 ERD/NONEXP SXP/N CRR/SEX ASSAULT
CON/20020730
OCA/002249473
DNA/N
SNU/517 SNA/BROAD STREET
CTY/CALINVILLE STA/IL ZIP/62626
COU/MACOUPIN
ORI IS LA DEPT OF PUBLIC SAFETY STATE POLICE HDQ 225 925-6325
NIC/X971524481 DTE/20111123 0332 EST DLU/20111123 0332 EST
```

DL INFO

LL 010742521   NEW      DATE: 11-28-11   TIME: 1308   (10559)
*FOR ADMINISTRATIVE USE ONLY - THIS IS NOT AN OFFICIAL DRIVING RECORD*

DAMM GREGORY PAUL  DOB 12-28-65  W/M BLU 511 189
RESIDENCE: 13 OAKLAWN DRIVE  NEW IBERIA 70562 SSN 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

1

EXH-H-2

MAIL: 13 OAKLAWN DRIVE  NEw IBERIA  LA  70562
E DOE 12-28-15 CT AUD NO 0049653981   PERS STATUS: *V A L I D*
ENDR NONE        RES 01,00,00
            DISC: =3

NO ENTRIES

H-4

INVESTIGATIVE REPORT

ACCUSED: GREGORY DAMM

OFFENSE: FAILURE TO REGISTER/NOTIFY AS A CONVICTED SEX OFFENDER

On Tuesday, 11/28/2011, I received an email from Louisiana State Police Criminal Records Analyst, Marie Campbell. She had been notified by LSP Investigative Specialist Shannon Arnold that Gregory Damm was not listed in the Louisiana Sex Offender Registry and doesn't have his La. driver's license flagged as "Sex Offender". However, when you run him through NCIC he comes back with a sex offender hit. Specialist Arnold stated she was, "stumped on this one!" Analyst Marie Campbell forwarded this email from Specialist Arnold to me for investigation.

I searched for this offender in Offender Watch and located his record in the La. Pre-Registration Account. This account had two entries in the Investigative Notes from the La. Pre-Registration Account by LaRonda Johnson. They were dated 10/12/11 and 11/22/11. The address for this offender listed in the pre-reg account was 517 Broad St., Calinville, IL. I called LaRonda Johnson because of her entries into Damm's account. I requested the date of his release from prison. I requested any contract or registration/notification requirements of Louisiana by a convicted sex offender that were signed by this offender. Damm's signature would indicate his knowledge of Louisiana's sex offender laws. LaRonda Johnson works with the Louisiana Department of Corrections and she had entered this offender into Offender Watch-La. Pre/Reg Account because he was being released from Incarceration. She was under the impression that Greg Damm had been released and gone to his reported, given address in Illinois.

A registration start date had been entered by La. State Police for Damm. This date was 10/29/11, yet he was not registered with any parish in Louisiana. That must have been his date of release from incarceration. I checked with Illinois State Police to determine if maybe Damm had registered in Illinois. He had not. Illinois State Police gave me the number to Carlinville, Illinois Police Department. They advised me there is no Calinville, Ill. (This must have been a misspelling by the La. Department of Corrections on the address in the Pre/reg account.) Officer Cheri Clossen, with the sex offender registry of Carlinville, IL advised me that Gregory Damm was not registered there and the address given by him, 517 Broad St., is not complete. It must be North or South. She advised 517 N. Broad St., Carlinville, IL is the address of City Hall.

A convicted sex offender has three business days from his date of release from incarceration to obtain registration as a convicted sex offender with the Sheriff of the parish of his residence.

I requested from LaRonda Johnson all evidence of Greg Damm being informed of his requirements in Louisiana as a convicted sex offender. LaRonda Johnson faxed to me copies of Damm's signed State of Louisiana Sex Offender Registration Forms. They were signed and dated 10/20/2011. She also faxed a copy of "Louisiana Sex Offender Registration and Notification Requirements Upon Release From Confinement by the Department of Public Safety and Corrections". This form was also dated 10/20/11. It was initialed and signed by Gregory Damm prior to his release. Copies of all of these signed forms are included with this report.

With the knowledge that this convicted sex offender was not registered in his declared address and state of Illinois, nor was he registered in any parish in Louisiana but had an underlined{unflagged} Louisiana Driver's License with a New Iberia address, I requested Detective Anthony Solano to go to the address given to me by LSP., 13 Oaklawn Dr. New Iberia. This was the address on his La. driver's license. Detective Solano reported that he checked the address on the license and found there is NO such address. The zip code on the D.L. is a Post Office Box zip code. All information given so far by the offender had been bogus. The details of Detective Anthony Solano's further investigation, which resulted in the arrest of this offender, are written in Detective Solano's investigative report.

Respectfully submitted by

Lt. Linda L. Boudreaux

EXH- H-6



## State of Louisiana
### Department of Public Safety and Corrections

**BOBBY JINDAL**
Governor

**JAMES M. Le BLANC**
Secretary

# CERTIFICATE OF RELEASE
## COMPLETION OF SENTENCE

NAME: __GREGORY DAMM__          DOC#: __457183__

RACE/SEX: __W/M__          DOB: __12/28/1965__

PHYSICAL LOCATION: __ST. TAMMANY PP__

This is to certify that the above subject has completed the _hard labor custody requirements_ for below listed case(s). _Full Term Release for the below docket only._

### DETAINER:
### ST. TAMMANY PARISH

| Parish | Docket Number |
|--------|---------------|
| IBR    | 12CR188       |

**This release certificate in no way affects any reporting instructions of the sentence imposed by the court, and/or reporting requirements of statutory law.
**This release does not impact the status of other cases for this individual.

RELEASE EFFECTIVE THIS _14TH DAY_ OF THE MONTH OF _FEBRUARY_ IN THE YEAR OF OUR LORD _2013_.

_____
WARDEN

Post Office Box 94304, Baton Rouge, Louisiana 70804-9304 • (225) 342-6649 • Fax (225) 342-3349
www.doc.la.gov
An Equal Opportunity Employer

Form B-08-009-A
01 August 2012

### Louisiana Sex Offender Registration and Notification Requirements
### Upon Release From Confinement by the Department of Public Safety and Corrections

Any adult residing in this state who has pled guilty to, has been convicted of, or adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit an enumerated offense as outlined in La. R.S. 15:542 shall register and make proper notifications pursuant to statute based on the requirements outlined below.

#### Initial Registration

You must register with the Sheriff of the parish of your residence, or residences, if there is more than one, and with the Chief of Police if your address is located in an incorporated area which has a police department. If the parish has a population in excess of 450,000, you shall register with the Police Department of the municipality of residence.

You must also register with the Sheriff of the parish or parishes where you are employed and the Sheriff of the parish or parishes where you go to school. If the population is in excess of 450,000, you shall register with the Police Department of the municipality where you are employed or attend school. If the school is an institution of postsecondary education, you must also register with the campus' law enforcement agency at least one business day prior to the beginning of the school term or semester.

Offenders relocating outside of the state of Louisiana must register immediately with the local law enforcement agency in the receiving state. If a Louisiana address was submitted during pre-registration and then you relocate out of state, you must also notify the Sheriff in the parish where the address was submitted of your intent of leaving the state of Louisiana.

You are required to report in-person to register in accordance with law to the appropriate law enforcement agency within three business days after release from confinement. You are required to pay an initial registration fee of $60.00 to each appropriate law enforcement agency, except for the campus law enforcement agency of an institution of postsecondary education. Failure to pay the fee within 30 days of initial registration shall constitute a failure to register.

You must provide the following information to the appropriate law enforcement agency at the time of registration and to the DPS&C at the time of pre-registration:

Name and any aliases you have used;
Physical address or addresses of residence;
Name and physical address of employment, including travel routes used;
Name and physical address of school you attend;
Two forms of proof of residence for each residential address or affidavit of an adult resident at address;
Crime of conviction including statue, date and place of conviction, and if known, the court and docket number;
Current photograph, fingerprints, palm prints and DNA sample if not already provided;
Telephone number, including cell phone number;
Description of every vehicle registered to or operated by you, including license plate number and copy of driver's license;
Social Security number and date of birth;
Physical description including but not limited to sex, race, hair color, height, age, weight, scars, tattoos or other identifying marks;
Every e-mail address, online screen name or other online identifiers.

The requirements for initial registration have been read and explained to me. I understand that if I fail to comply with any of the above requirements, or knowingly provide false information to a law enforcement agency, I can be charged under the provisions of La. R.S. 15:542.1.4, "Failure to Register." Additionally, I understand that if I am on probation or parole supervision, failing to comply with the above requirements could result in revocation.

#### Initial Notification

You must provide community notification within 21 days of release from confinement as follows:

You must give notice of the crime for which you were convicted and your name;
At least one person in every residence or business within a one-mile radius in a rural area and a three-tenths of a mile radius in an urban or suburban area of the address of your residence, including any adults residing in your residence;
The superintendent of the school district where you will reside;
The lessor, landlord, or owner of the residence or property on which you reside;
The superintendent of any park, playground or recreation district within the designated area where you reside.

You must also have published on two separate days a notice of the crime for which you were convicted, including your name, the jurisdiction of conviction, a description of your physical characteristics, your physical address and a recent photograph or a clear copy of a recent photograph, in a newspaper or an approved official journal in the parish in which you will reside. This will be without cost to the state. (Persons convicted of La. R.S. 14:92(A)(7) shall not be required to comply with the above.)

Any other notice that was deemed appropriate by the court in which you were convicted of the offense that subjects you to the duty to register, including but not limited to signs, handbills, bumper stickers or labeled clothing, etc.

If you provide recreational instruction to persons under the age of 17, you shall also post a notice in the building or facility where such instruction is being given. This notice shall contain your name, photograph, the date, jurisdiction of conviction and the crime for which you were convicted.

G.D. The requirements for initial notification have been read and explained to me. I understand that if I fail to comply with any of the above requirements, or knowingly provide false information to a law enforcement agency, I can be charged under the provisions of La. R.S. 15:542.1.4, "Failure to Register." Additionally, I understand that if I am on probation or parole supervision, failing to comply with the above requirements could result in revocation.

## Prohibited Employment

It shall be unlawful for any person required to maintain registration pursuant to Chapter 3-B of Title 15 to operate any bus, taxicab or limousine for hire or to engage in employment as a service worker who goes into a residence to provide any type of services.

It shall be unlawful for any person required to maintain registration whose offense involved a minor child to operate any carnival or amusement ride.
(This section only applies to persons ordered by the court to register as a sex offender on or after August 15, 2010.)

## Prohibited Use of Social Media

Intentional use of a social networking website by a person who is required to register as a sex offender and was convicted of La. R.S. 14:81, 14:81.1, 14:81.3, 14:283 or convicted of a sex offense as defined in La. R.S. 15:541 in which the victim of the sex offense was a minor child is unlawful and may be charged pursuant to La. R.S. 14:91.5.
Any person who is required to register pursuant to La. R.S. 15:542, who is otherwise not prohibited from using a networking website, and who creates a profile or who uses the functionality of a networking website to contact or attempt to contact other networking website users shall include in his profile for the website, an indication that he is a sex offender or child predator and include the crime of conviction, jurisdiction of conviction, a physical characteristics, and his residential address.

## Unlawful Presence of a Sex Offender

· If you are convicted of an offense as described in La. R.S. 15:541 when the victim is under the age of 13 or you are deemed a sexually violent predator, your presence may not be in, on or within 1000 feet of any school or motor vehicle or other means of conveyance, owned, leased or contracted by such school to transport students. You may not be in, on or within 1,000 feet of any public park, recreational facility, child care facility as defined in La. R.S. 46:1403 or public library property unless access is granted to the library through a regulated access plan. You may not establish any residence within 1,000 feet of any public or private elementary or secondary school, group home, residential home, child care facility as defined in La. R.S. 46:1403, family child day care home as defined in La. R.S. 46:1441.1, playground, public or private youth center, public swimming pool or free standing video arcade facility.
Any person convicted of a sex offense as defined in La. R.S. 15:541 shall not establish a residence or physically reside within three miles of the victim of the offense for which he was convicted. He may not knowingly be physically present within three hundred feet of the victim or communicate with the victim either by electronic communication, in writing, or orally.
If you are releasing to parole supervision or supervised release, further restrictions may apply.

By my signature below, I acknowledge that all applicable requirements of sex offender registration and notification have been explained to me and I hereby acknowledge receipt of this.

_Gregory Damm_  _457183_
Offender's Name (print)              DOC#

Offender's Residence Address

_Gregory Damm_                       _2-14-13_
Offender's Signature                 Date

_____ P+P Specialist
Witness and Title
David Boe
Attachment: La. R.S. 14:91.5, 15:542, 15:542.1, 15:544 and 15.560.3.

Tuesday, April 9, 2013

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING HER HONOR, ALLISON H. PENZATO, JUDGE, DIVISION "H", JULIE KNIGHT, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN JR, SHERIFF AND MALISE PRIETO, CLERK OF COURT. (Jerry Carpenter and Suzanne Melara, Bailiffs and Terry Owens, Court Reporter)

515452             STATE OF LOUISIANA
                   VS
                   GREGORY PAUL DAMM

The defendant being present in open Court and attended by Counsel, Milton Masinter, asked leave of Court to withdraw the defendant's previously entered plea of not guilty and entered a plea of guilty, whereupon Court had the defendant sworn and questioned as to his age, educational background, if the defendant could read and write the English language, if the defendant was under the influence of drugs, alcohol, or mind altering substances, questioned the defendant as to the knowledge of the charges against him and the possible penalties for same and subsequent felony convictions may result in greater penalties. Further, Court informed the defendant by pleading guilty he is waiving his right to an attorney or Court appointed attorney, right to a trial with or without a jury, right to confront accusers, right to cross-examine witnesses, right to subpoena witnesses, right against self-incrimination, the right to appeal and the right to an attorney or Court appointed attorney for the appellate process.     The State and Defense stipulated there is a factual basis to support the charge. The Court being satisfied the defendant is making a free and voluntary waiver of his constitutional rights and the defendant is satisfied with the advice received from his Counsel, and the Court having found the defendant has the necessary mental capacity, and does in fact, understand the nature of the charge. Court having found there is a factual basis to support the charge, accepted the defendant's plea and adjudicated the defendant guilty. Defense Counsel at this time waived delays in sentencing and Court ordered the following sentence be imposed:

GREGORY DAMM, having declared he is 47 and after having pled guilty to unlawfully violated **R.S. 14:542 FAILURE TO REGISTER AS A SEX OFFENDER by failing to register as a sex offender after having been convicted of AGGRAVATED ORAL SEXUAL BATTERY on JULY 30, 2002 under DOCKET NUMBER 93459 IN THE 16TH JUDICIAL DISTRICT COURT IN NEW IBERIA,** Court sentences the defendant to serve a period of two (2) years at hard labor with the Department of Public Safety and Corrections, State of Louisiana, to be served without benefit of probation, parole or suspension of sentence, credit for time served on this arrest.

Court imposed a fine in the sum of $100 but suspends execution of the fine.

Further, Court ordered the sentence imposed herein run concurrent with the Iberia Parish sentence.

Court advised him that under Article 930.8 of the Louisiana Code of Criminal Procedure he has a period of two (2) years in which to file any and all petitions for post-conviction relief.

The Defense Counsel withdrew any outstanding motions.

STATE OF LOUISIANA          22ND JUDICIAL DISTRICT COURT
VS.
Gregory Paul Damm,          PARISH OF ST. TAMMANY
White Male, 12/28/1965
Social Security # <u>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</u>      STATE OF LOUISIANA

## AFFIDAVIT OF PROBABLE CAUSE

*AFFIANT CAME AND APPEARED BEFORE ME,* the undersigned Notary Public, duly commissioned and qualified, did appear:

Captain Barney Tyrney of the St. Tammany Parish Sheriff's Office, who, having been duly sworn by me, did depose and say that based upon his investigation, **Gregory Paul Damm, White Male,** 12/28/1965, Social Security # <u>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</u>, did willfully and intentionally violate **One (1) Count of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address** in St. Tammany Parish, Louisiana. The St. Tammany Parish Sheriff's Office investigated the charges and obtained a warrant for the arrest of the defendant, **Gregory Paul Damm, White Male,** 12/28/1965, Social Security # <u>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</u>. After investigation by the St. Tammany Parish Sheriff's Office, it is alleged that **Gregory Paul Damm** willfully and unlawfully violated La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Department Sex Offender Registry and advised that he was relocating to 315 University Place, Belleville, Illinois and provided his brother's phone number as a contact. On that date, he was currently residing at 4469 Ponchartain Drive, Apt. 7, Slidell, Louisiana. He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address. On July 23, 2014, Louisiana State Police contacted St. Tammany Parish Sheriff's Department and advised that Illinois State Police Sex Offender Registry had contacted Louisiana State Police to advise that Gregory Paul Damm had never registered as a sex offender within the State of Illinois. On July 24, 2014, St. Tammany Parish Sheriff's Office prepared an Affidavit for an Arrest Warrant for violation of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address. The arrest warrant was granted by the Honorable Judge William J. Knight. On July 25, 2014, the arrest warrant for Gregory Paul Damm was entered into NCIC for an increased opportunity of apprehension. The above acts constitute a felony under the laws of the State of Louisiana. A copy of the warrant is made a part hereof and is attached hereto.

The above occurred within this State and Parish, and the jurisdiction of the St. Tammany Parish Criminal Court, contrary to the form of the statutes of the State of Louisiana in such case made and provided, and against the peace and dignity of the same.

Wherefore, deponent prays that the said accused be extradited and dealt with according to law.

_____
Captain Barney Tyrney/ St. Tammany Parish Sheriff's Office

SWORN TO AND SUBSCRIBED BEFORE ME this 30th day of October, 2014.

_____
Jessica J. Brewster
La Bar #29101/Notary Public #79793

## DETERMINATION OF PROBABLE CAUSE

WHEREAS, Captain Barney Tyrney, of the St. Tammany Parish Sheriff's Office, has been made before me, upon oath administered by Jessica J. Brewster, Notary Public, alleging that one Gregory Paul Damm, White Male, 12/28/1965, Social Security # <u>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</u>, is charged with One (1) Count of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address, in St. Tammany Parish.

WHEREAS, after a review of the foregoing affidavit and attachment, in reference to this matter, I find that there exists probable cause to believe that the aforementioned defendant committed the crimes for which he is charged and authorize the extradition of said subject to St. Tammany Parish, Louisiana, to face said charges.

EXH- J-2

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

# APPLICATION FOR REQUISITION OF EXTRADITION

## TO: HONORABLE BOBBY JINDAL
### GOVERNOR OF LOUISIANA

Enclosed is a certified copy of the Arrest Warrant found in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, which charges one **Gregory Paul Damm, White Male,** 12/28/1965, Social Security # **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,** with the crime of violation of the provisions of the State of Louisiana, **One (1) Count La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address,** in St. Tammany Parish, after an investigation by the St. Tammany Parish Sheriff's Department, it is alleged that Gregory Paul Damm willfully and unlawfully violated La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Department Sex Offender Registry and advised that he was relocating to 315 University Place, Belleville, Illinois and provided his brother's phone number as a contact. On that date, he was currently residing at 4469 Ponchartain Drive, Apt. 7, Slidell, Louisiana. He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address. On July 23, 2014, Louisiana State Police contacted St. Tammany Parish Sheriff's Department and advised that Illinois State Police Sex Offender Registry had contacted Louisiana State Police to advise that Gregory Paul Damm had never registered as a sex offender within the State of Illinois. On July 24, 2014, St. Tammany Parish Sheriff's Office prepared an Affidavit for an Arrest Warrant for violation of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address. The arrest warrant was granted by the Honorable Judge William J. Knight. On July 25, 2014, the arrest warrant for Gregory Paul Damm was entered into NCIC for an increased opportunity of apprehension. The circumstances of the commission of the alleged crime are attached in the supporting Affidavits and documents.

I aver and allege that **Gregory Paul Damm,** White Male, 12/28/1965, Social Security # **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,** has committed the acts which form the basis of a violation of **One (1) Count La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address,** in St. Tammany Parish, State of Louisiana and is a fugitive from justice. I have reason to believe, based on reliable information received by me, that **Gregory Paul Damm,** White Male, 12/28/1965, Social Security # **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** is to be found at the **Johnson County Jail, Texas.**

The ends of justice, in my opinion, require that he be brought to this State for prosecution under said warrant. In my opinion, the facts stated in said affidavits are true and I believe the prosecution of **Gregory Paul Damm, White Male,** 12/28/1965, Social Security # **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** will result in his conviction of the crime(s) alleged herein.

I nominate Rodney J. Strain, Sheriff of St. Tammany Parish, or authorized agent of the St. Tammany Parish Sheriff's Office, as the proper person(s) to be appointed by you as Agent(s) of the State of Louisiana, to receive said fugitive where he shall be apprehended and delivered to the Sheriff of St. Tammany Parish.

I certify that the said Sheriff of St. Tammany Parish, Rodney J. Strain, has no private interest in the proposed arrest. The requisition asking for said fugitive is not sought for the purpose of collecting a debt or conferring a civil remedy, or for any other private purpose.

Therefore, I respectfully request that you issue a requisition to the Governor of the State of Texas for the apprehension and rendition of the said **Gregory Paul Damm, White Male,** 12/28/1965, Social Security #**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,** to the said Agent(s). In my opinion it would be proper for your Excellency to issue the requisition asked.

Parish of St. Tammany, State of Louisiana, this 30th **day of October, 2014.**

I, Jessica J. Brewster, being duly sworn on my oath say that the allegation and averments in the foregoing application are true.

_____
Assistant District Attorney

EXH-K

# RETURN

# EXECUTIVE WARRANT

### THE STATE OF LOUISIANA

vs.

### GREGORY PAUL DAMM

OFFENSE: Failure of Sex offender to notify Law Enforcement of Change of Address

Governor's Warrant issued on _November 14th_, 2014.

Governor's Warrant received on _November 25th_, 2014

and executed same on _November 25th_, 2014

by arresting the within – named person. Surrendered to

agent(s) from the demanding state named in said warrant

on _____, 2014.

*(After the defendant has been delivered to the agents of the demanding state, please file this return and attachments with the Office of the Governor, Extradition Section, P. O. Box 12428, Austin, Texas 78711.)*

March 10, 2015

Sharri Roessler, Clerk
Tenth Court Of Appeals
McLennan County Courthouse
501 Washington Ave., Room 415
Waco, TX 76701-1373

Re: Petition For Discretionary Review - Rule 68, App. P.

This is the second Petition enclosed (1) Copy of original with Exhibits, marked A-K to be filed into record for Discretionary Review, Pursuant to App. P. R. 68. This first Petition, was submitted on February 17, 2015 and for unknown (lying) reasons, by the jails mailroom Sgt., was returned to petitioner on 3/13/2015 (See, attached mail log/with Return To Sender Unable To Forward dated lable, of 3/07/15) Also, please find attached, letter from petitioner's attorney, dated January 22, 2015, received January 26, 2015 and a Second letter from his Attorney, dated on February 14, 2015. It should be noted: that petitioner made a written complaint to the Warden about the 14 day time span, of the 2/17/15 first, mailed Petition and date stamped lable, from the Post Office on 3/07/2015, for Mail Tampering.

Thank you for your cooperation and assistance, I remain
Sincerely,
_Gregory Damm_
Petitioner's Signature

# IN THE TENTH COURT OF APPEALS

## GREGORY PAUL DAMM

NO. 10-14-00381-CR

---

# PETITION FOR DESCRETIONARY REVIEW

---

## RULE 68

---

Gregory Paul Damm
C-724  P.O. Box 908
St. Tammany Parish Jail
Covington, LA 70434

# 1. Background

Mr. Damm was arrested on October 13, 2014, in his company work truck, at his home, in the Mobile Home Park located at 3600 N. Cummings Dr. Lot #90 Alvarado, Tx., by U.S. Marshal Willie Evans, whom assisted Johnson County Sheriff's Office.

On October 15, 2014, Damm was taken infront of Johnson County's Magistrate Ronald McPherson, read the charge from St. Tammany Parish, warrant #386438, set bail at: "No Bond."

On October 17, 2014, Damm received a letter from Public Counselor Ricardo De Los Santos, who advised Damm, he was Appointed by the Court to represent him. On October 22, 2014, Mr. Damm went before Judge Wayne Bridewell, 249th District Court Johnson County, Texas read the Waiver of Extradition, which Mr. Damm refused to waive.

Damm's Attorney of record, informed the Court, he would be filing a Writ of Habeas Corpus, for: "No Bond" and that was filed on October 23, 2014, by Damms Attorney, which Damm received a copy on 10/24/2014, at the jail, scheduled for 11/14/2014. (See, attached letter, dated October 29, 2014)

On November 14, 2014 Damm was not taken to the Court 18th Judicial District Judge John E. Neill at 8:30 A.M. at Guinn Justice Center, 204 S. Buffalo St. Cleburne, Tx

2.

On November 20, 2014, 6 days after Damm's pre-scheduled Writ of Habeas Corpus hearing, was supposed to take place. (See, attached letter, exhibit "D" on the record) Damm's Court Appointed Attorney "per his request" the hearing was reset for hearing on the Application for Writ of Habeas Corpus, Tuesday December 16, 2014, at 9:00 a.m. in the 18th District Court, Cleburne, Johnson County Texas.

Damm remained incarcerated from 10/13/14-to-12/11/14, with "NO BOND."

## 2. Applicable Law

Under the Texas C.Cr.P. Arts' 1.09, 17.15 and 55.05, as well as the Eighth and Fourteenth Amendments, to the U.S. Const; Article I §§§ 11, 13 and 19 of the Texas Constitution; "No Bond" is oppressive and Unconstitutional, where the defendant should be entitled to post bond.

Pursuant to Section 3 of the UCEA, states in relevant part: No demand for the extradition of a person charged with a crime... by a copy of an indictment found or by information ...together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement (i.e., fugitive from justice)... or broken the terms of his bail, probation or parole.

The language of the Extradition Clause is vague and has too many "or's" and "together's", but the words, by a copy

3.

of an indictment found or by information creates the mandatory duty to deliver up _fugitives_, not, completely _free persons_, who are not bound to the demanding State, under the terms of bail, probation, or parole, or haven't escaped, either.

The UCEA clarifies; (1) fugitives, (2) criminal charges are outstanding, (3) fugitive from justice.

"... supported by affidavit ~~before a~~ in the State having jurisdiction of the crime. From evidence of the Affidavit of Probable Cause recites the; Duty of Offender to notify law enforcement of change of address. Damm, does not argue, because thats his Court Appointed Attorney's job and he, merely argued, that the date on the Affidavit of warrant was incorrect. Had his Attorney subpoenaed Damm's Sorna document, which he refused to do, it would have been clear that Damm could not have committed any crime in Louisiana (Seen attached SORNA, exhibit "E"), due to the October 29, 2011 registration end date provided by the Louisiana Dept of Public Safety & Corrections. This does not give the State the jurisdiction of charging Damm with a violation of R.S. 15:542 or .1.2, ect... because he has never been bound under that particular law. Since Damm's parole had ended on 11/30/13, after being illegally convicted on the same crime, twice, of; failure to register, alleged on the same date; 12/01/2011, in both the, Iberia and St. Tammany Parishes, constitutes as double jeopardy, a violation of Damm's 5th Amendment, to the U.S. Constitution.

4.

Damm contends that his Court Appointed Attorney, did cite relevant authority, under C.Cr.P. Art. 51.13 of the Texas Code, which States; that it be invoked and his Counsel requested the governor designate another signator to the Governor's Warrant.

In Ex parte Stowell, 940 S.W. 2d 241, 242 (Tex-App. San Antonio 1997, no pet.) and this Tenth Court of Appeals Justices Gray, Davis and Scoggins contentions are incorrect, that Damm's Attorney, did not, cite any relevant authority.

### 3. Affidavit of Probable Cause

If Damm, would have been consulted by his Attorney, whom did not allow his client to review his Appeal, before submitting it to this Court, does not allow Damm to assist in his defense and balances on the 3 pronge test, under Washington v. Strickland.

Only due to these evidences in the record; whereupon, first, the cancelled November 14, 2014 Habeas Corpus hearing being too much of a coincidence, that Governor Rick Perry had signed the Warrant on that exact date. But Damm's Attorney, had revealed in a visit, to the jail, before that date, around 10/17/14, that Dale Hanna, D.A., had called and told Governor Rick Perry, that my Attorney and I, were challenging his signature and that angered the Governor alot. On more than one occasion Damm's Attorney, stated to him, that the Judge and D.A. were mad at him and he could loose his job. This was of no assistance, in Damm's best interest, by his attorney, but rather preassure, to satisfy his boss Dale Hanna, whom Public

5.

Counselors work for, in the Courtroom, everyday, sharing of clients confidential information, of Court Appointed, not 'hired Attorneys' clients.

The Affidavit of Probable Cause, that the Governor relied on, even if, Damm would have been under the Sex Offender Law of R.S. 15:542 and violated .1.2, is contridictive. It actually states;

... " on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Dept Sex Offender Registry and advised that he was relocating to 315 University Place Bellville, Ill and provided his brothers phone number as a contact.

... He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address.

This is what Damm would have argued, had he had these copies of Application For Requisition of Extradition and/or, the Affidavit of Probable Cause, that his Attorney sent to him, "only", when his Attorney filed the Appeal. This is important withheld 'information', Brady Material, that had it been given to Damm, before his December 2, 2014 Extradition Hearing, Damm's out come, in the Trial Court, would have been different.

Both these documents, have the same contridictive language and thats difficult to believe, that both Governors', couldn't see the same plain sight contridictions, that Damm, alleginaly violated. To the contrary, Damm complied with this Law, even when he was under no term of the alleged demanding State, to comply with, this or any Louisiana Law.

6.

The other erroneous contention, that only makes Sergeant Villatoe affidavit of probable cause, to be incorrect, is that, if infact, Damm's name was entered into NCIC for an increased opportunity of apprehension, on July 25, 2014, then, Damm, would have been arrested at the Texas DMV, when he obtained his Texas Driver's License, on September 25, 2014. All DMV applicants are run through NCIC, before they're issued a drivers license; It was issued to me in 1999 and expired, on 12-28-2005.

## 4. The Governor's Extradition Warrant

Issues I-III, all contain erroneous allegations, that Damm did not argue, in his brief and wouldn't have argued, due to not having a complete copy of these documents, that was sent only after, Damm was extradicted back to Louisiana, on 12/12/14. Damm's Attorney, submitted this Appeal Brief by E-mail, one day, before, he was taken back to Louisiana, on 12/11/14, according to the Notice of Filing, to the Tenth Court of Appeals, docket sheet.

In No. I. on Page 2, under Background[2], the allegations can never be the facts in this case and they're far from being undisputed, because Damm did not attach to his brief, those documents or a copy of the transcript, from the hearing on his habeas-corpus application. However, now that Damm has all documents relevant to the complete record, the enclosed exhibits marked, A-?, his Petition for Descretionary Review

should be Damm's arguments and exhibits considered, and substituted, as his Appellant's Brief.

## 5. Conclusion

For the reasons stated above in this Petition and had Damm not been deprived of Due Process of law and his original Habeas Corpus hearing, set for 11/14/2014, not been cancelled, By; per request of my Attorney, corroborating with the D.A. Dale Hanna, calling the Governor Rick Perry, angering him, so he'd issue the Extradition Warrant, on the same date, as Damm's Habeas-Corpus, for "No Bond" and allegedly reset, is no coincidence. The D.A. and Damm's Attorney knew, that once the Warrant by Governor Rick Perry was signed, Damm could not Bond out.

The Trial Court did abuse its discretion in concluding that the Governor's Warrant of Extradition of Damm to Louisiana, is valid. Damm, also concludes, that the reason the St. Tammany Parish Sheriff's Sgt. Vittotoe, never included information about Damm completing his parole, is because, this is one of the requirements, under the UCEA under Section 3 of being a fugitive from justice. The same reason Damm's Attorney, didn't want to Subpoena his SORNA document, because this is the evidence, that Damm, would have proven beyond a preponderance of the evidence. (Now see, attached exhibit "E")

Accordingly, appellant requests this Courts decision be reversed and the Governor (former) Rick Perry's Extradition Warrant, be recalled and Damm be released, back to

8.

the State of Texas, for his safety, he submitts this petition with his arguements, after receiving the documents of the whole record, with his exhibits for discretionary review under Rule 68 of App. P.

Respectfully submitted,

Gregory Paul Damm C-724
P.O. Box 908 S.T.P.S.O.
Covington, LA 70434

9.

# RICARDO DE LOS SANTOS   P.C.

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX:    (817) 641-2525

January 22, 2015

## LEGAL MAIL

2014300
GREGORY DAMM C-72A
P. O. BOX 908
COVINGTON, LA 70434

**RE:   APPEALS**

Dear Mr. Damm:

Please be advised that I am in receipt of your letter dated January 6, 2015, which I received on January 21, 2015.

Sir, please find enclosed a copy of the appeals I submitted to the Tenth Court of Appeals and the Texas Court of Criminal appeals along with all attachments.

Sir, with this letter and attachments and your letter in which you stated that you intend to represent yourself in the Tenth Court of Appeals, I am advising you that I am closing your case. As you know I was Court Appointed and I spent an extraordinary time in your case.

Thank you for your attention to this matter.

Very Truly Yours,

Ricardo De Los Santos
Attorney at Law
Attachments

c:    File 2014300

# RICARDO DE LOS SANTOS    P.C.

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX:    (817) 641-2525

---

February 14, 2015

**TENTH COURT OF APPEALS**
**McLennan County Courthouse**
**501 Washington Avenue, Rm. 415**
**Waco, Texas 76701-1373**

RE;       **Court of Appeals Number:    10-14-00381-CR**
          **Trial Court Case Number:    201400025**

Honorable Court:

Please be advised I am attaching a copy of the certified and regular mail as required by TEX. R. App. P. 48.4.

Said communication has been sent to my client in accordance with the rules.

Thank you for your attention to this matter.

Very Truly Yours,

Ricardo De Los Santos
Attorney at Law

Attachment (2)

cc:    File 2014300
       Client

# MAGISTRATE'S WARNING- JOHNSON COUNTY, TEXAS    A

➤   Before me, the undersigned magistrate personally appeared:     *10/14/14*

**ARRESTED PERSON: First:** *Gregory*    **Middle:** *Paul*    **Last:** *Damm*

➤   **PROBABLE CAUSE DETERMINATION: NOTE:✓-CHECK MARKS REQUIRE RESPONSE**

Sufficient facts have been presented to me under oath by affidavit, sworn testimony, or otherwise to show that probable cause exists for the continued detention of the arrested person designated above as to the following listed charges:

**Magistrate:** _____    **Court:** ___JPI___    **Date:** *10-15-14*

You, the arrested person have been brought before me, a Magistrate of Johnson County, Texas, after your arrest and you are accused of the following criminal offenses: ➤➤ ✓✓ **IS THE ARRESTED PERSON CURRENTLY ON BAIL FOR A PRIOR ARREST? YES ___ NO ___**

| OFFENSE CHARGED: | AGENCY/WARRANT NO. OR AFFADAVIT: | BAIL SET AT: |
|---|---|---|
| 1. *Viol of Duty of Offender* | *St Tammany Parish 386438* | $ *NO Bond* |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |
| 5. | | $ |
| 6. | | $ |
| 7. | | $ |

➤   **YOU ARE GIVEN THE FOLLOWING WARNINGS:**

1. You have a right to hire an attorney to represent you.
2. You have the right to remain silent.
3. You have the right to have an attorney present prior to and during any questioning by peace officers or attorneys representing the State.
4. You have a right to terminate or stop the interview or questioning at any time.
5. You are not required to make a statement, and any statement you make can and may be used against you in court.
6. You have a right to an examining trial if you are arrested for a felony offense prior to your indictment.
7. You have the right to request appointment of an attorney if you cannot afford to hire an attorney.

➤   **THE MAGISTRATE WILL INFORM THE ARRESTED PERSON OF THE FOLLOWING PROCEDURES:**

1. That an application (necessary forms) for a court appointed attorney must be completed by the arrested person to determine if the arrested person qualifies for a court appointed attorney.
2. That reasonable assistance will be provided to the arrested person to complete the necessary forms required to request a court appointed attorney.
3. That the arrested person will be requested to sign a financial affidavit.
4. That an affidavit is a written or printed declaration or statement of facts made voluntarily and confirmed by oath before a person having authority to administer such oath.
5. That the arrested person qualifies for a court appointed attorney if the arrested person is indigent.
6. That an arrested person who is appointed a court appointed attorney will be given the appointed attorney's name, address, and telephone number.
7. That the appointed attorney shall make every reasonable effort to contact the arrested person not later than the end of the first working day after the date on which the attorney is appointed and to interview the arrested person as soon as practicable after the attorney is appointed.

✓✓**MAGISTRATE MUST ASK: "DO YOU WANT TO REQUEST A COURT APPOINTED ATTORNEY (APPOINTMENT OF COUNSEL)?"** ___ (✓)
✓✓ **THE ARRESTED PERSON DOES ___ DOES NOT ___ REQUEST A COURT APPOINTED ATTORNEY.**

➤   **NOTICE OF VIENNA CONVENTION ON CONSULAR RELATIONS:**

1. If you are not a United States citizen and you have been arrested or detained, you may be entitled to have us notify your country's consulate officials in the United States.
2. ✓✓ DO YOU WANT US TO NOTIFY THE CONSULATE OFFICIALS OF YOUR COUNTRY?   YES___   NO ___
3. ✓✓ IF YOU HAVE RESPONDED YES: WHAT COUNTRY DO YOU REQUEST TO BE NOTIFIED? _____
4. If you are a citizen of a country that requires us to notify your country's consulate officials, we will make the notification as soon as practical.

I ACKNOWLEDGE THAT I WAS GIVEN THE ABOVE STATED INFORMATION, WARNINGS, AND NOTICE:

**SIGNATURE OF ARRAIGNING MAGISTRATE**

MAGISTRATE: _____

_____
**Arrested Person's Signature**

COURT: ___JPI___
DATE: _*10-15-14*_   TIME: _____ AM/PM

**ARRESTED PERSON DECLINED TO SIGN ACKNOWLEDGEMENT**

✱Witness's signature ( if any) _____
✱ Printed name of witness: _____
✱ This hearing was interpreted by : _____

_____        _____
Magistrate's Signature              Interpreter's Signature

Original to: Jail. Copies to: Defendant, Prosecutor

# EXH-B

1. Letter to Marissa Monge on 12/17/14 from G.D.
   Did Not Receive!

2. Christmas & Birthday Card to Marissa on 12/26/14 from G.D.
   Did Not Receive!  1/05/15

3. Letter to Belinda Brown on 1/15/15, mailed from K.G.
   Did Not Receive! Verified By her Nephew!

4. Lette to Texas Attorney on 1/15/15, from G.D.
   Did Receive, Sent to me Certified Mail-Signature Returned

5. Large Manilla Envelope to Marissa on 1/19/15, from K.G.
   Did Not Receive!

※ 6. Large Manilla Envelope to Texas Tenth Court/Appeals on 2/17/15, G.
   Returned To Sender Not Forwardable on 3/07/15, by Jail Mailroom

7. Letter to Covington U.S. Post Office on 3/04/15, from G.D.
   No Response, After Lt. Lorton sent me address, on Keyos.

Lable On Envelope Sent to Tenth CO A

```
NIXIE      767014003-1N         03/07/15
RETURN TO SENDER  RECEIVED
UNABLE TO FORWARD
UNABLE TO FORWARD  MAR 13 2015
RETURN TO SENDER  rec'd back from
                  Post Office
```

EXH- C

# RICARDO DE LOS SANTOS PC

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX:    (817) 641-2525

---

October 17, 20' '

**RE:   COURT APPOINTMENT**

Please be advised that I have been Court Appointed to represent you.

I will be visiting you in the near future and I am requesting that you do not discuss or communicate your case with anyone until you and I have had an opportunity to meet personally.

Since my appointment your constitutional rights have attached, that is, you have the right to be represented by an attorney.

If you have made bond, please call my office as soon as possible to make an appointment.

Thank you for your attention to this matter.

Sincerely,

Ricardo De Los Santos
Attorney at Law

cc:   File

EXH - D

# RICARDO DE LOS SANTOS

ATTORNEY AT LAW
202 S. MAIN
CLEBURNE, TEXAS 76033

OFFICE: (817) 641-7971
METRO: (817) 558-3885
FAX: (817) 641-2525

October 29, 2014

GREGORY PAUL DAMM
1800 RIDGMAR
CLEBURNE, TX. 76031

|  | |  |
|---|---|---|
| *RE:* | ~~Hearing~~ *Hearing* | Friday, November 14, 2014 |
| *Time:* | | 8:30 AM |
| *Court:* | | 18th Judicial Court |
| *Floor:* | | 2nd |
| *Cause No.:* | | X201400025 |

Dear GREGORY DAMM,

Please be advised that your case has been set for ~~Jury Trial~~ Hearing on November 14, 2014 8:30:00 AM at the 18th Judicial Court, Guinn Justice Center, 204 S. Buffalo, Cleburne, Texas 76033

## YOU WILL NEED TO BE PRESENT ON THE ABOVE NOTED DATE AND TIME.

With best wishes, I remain,

Very Truly Yours,

Ricardo De Los Santos
Attorney at Law

cc:    File 2014300

EXH-E
2014300
11-21-14 Copy To Client

Sharon Powell
Civil Court Coordinator
817-556-6193

Joy Penney
Criminal Court Coordinator
817-556-6820



Renee Hall
Court Reporter
817-556-6822

# JOHN E. NEILL
### DISTRICT JUDGE
18TH Judicial District of Texas
Johnson and Somervell Counties

November 20, 2014

Richard De Los Santos
Attorney At Law
202 S. Main St.
Cleburne, Texas  76031

Re:        Cause No. X201400025
           State of Texas vs Gregory Paul Damm

Dear Counselor;

       Per your request, the above referenced cause is reset for hearing on the Defendants
Application for Writ of Habeas Corpus, Tuesday December 16, 2014, at 9:00 a.m., in the 18th
District Court, Cleburne, Johnson County Texas.

Sincerely,

Joy Penney
18th District
Criminal Coordinator

Cc: Dale Hanna
District Attorney

Gregory Paul Damm

2014 NOV 20 PH 12: 52
DAVID R. LLOYD
DISTRICT CLERK
JOHNSON COUNTY
FILED
BY

Guinn Justice Center        204 S. Buffalo        Cleburne, Texas 76033        Metro (817) 558-0111

# State of Louisiana
# Sex Offender Registration Form

Report Printed on 10/12/2011

## REGISTRATION INFORMATION

| | | | |
|---|---|---|---|
| Compliance: | COMPLIANT | Registration Start Date: | 10/29/2011 |
| Status: | Active | Registration End Date: | 10/29/2011 |

## ALIAS

| Alias Name: | Alias DOB: | Alias DL #: | Alias SSN: | Alias FBI#: |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

## ADDRESSES

Home:

Date: None

Address: 517 BROAD STREET CALINVILLE, IL 62626

| County/Parish: Macoupin | Minors at Location: N |
|---|---|

Comments: None

## PHONE NUMBERS

| PHONE#: | DESCRIPTION: |
|---|---|
| NONE | NONE |

## EMPLOYMENT

| Employment Dates: | Position: | Business Name & Address: | County/Parish: | Supervisor & Phone: |
|---|---|---|---|---|
| None - None | NONE | NONE | NONE | NONE NONE |

## PROFESSIONAL LICENSES

| License Date: | Authority: | Number: | Description: |
|---|---|---|---|
| None | None | None | None |

## SCHOOL

| School Name: | School Address: | County: | Phone: |
|---|---|---|---|
| NONE | NONE | None | None |

## VOLUNTEER

| Organization: | Organization Address: | County: | Phone: |
|---|---|---|---|
| NONE | NONE | NONE | NONE |

## ASSOCIATES

| Associate Name | Associates Address & Phone# | Relationship to Offender | Age | Lives w/ Offender |
|---|---|---|---|---|
| NONE | NONE | NONE | NONE | NONE |

## ANY VEHICLES OWNED/OPERATED BY AN OFFENDER

| |
|---|
| |

I attest that the information that I have provided and listed above is accurate _G.D._ so dated _10/20/2011_

state." *Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). Once the governor has granted extradition, a court considering release on habeas can do no more than decide: (1) "whether the extradition documents on their face are in order"; (2) "whether the petitioner has been charged with a crime in the demanding state"; (3) "whether the petitioner is the person named in the request for extradition"; and (4) "whether the petitioner is a fugitive." *Id.* (citing *Doran*, 439 U.S. at 289, 99 S. Ct. at 527-28).

"An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) (citing *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003)); *see Ex parte McWilliams*, 272 S.W.2d 531, 531 (Tex. Crim. App. 1954). The applicant bears the burden to prove that he is entitled to the relief sought by a preponderance of the evidence. *Kniatt*, 206 S.W.3d at 664.

### III.   THE AFFIDAVIT FOR ARREST WARRANT

In his first issue, Damm contends that the extradition documents were not facially in order because Sergeant Vittatoe's affidavit for arrest warrant contained the wrong date pertaining to the commission of the charged offense. We decide this issue by comparing the extradition documents to the requirements of the UCEA. *See Rayburn v. State*, 748 S.W.2d 285, 288-89 (Tex. App.—Tyler 1988, no pet.).

Section 3 of the UCEA states in relevant part:

No demand for the extradition of a person charged with a crime in another State shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding State at the

Ex parte Damm

EXHIBIT-1

time of the commission of the alleged crime, and that thereafter he fled from the State, and accompanied by a copy of an indictment found or by information supported by affidavit in the State having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of the State; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the Executive Authority making the demand . . . .

TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3.

Here, the governor's extradition warrant, which included the requisition demand from the Governor of Louisiana, recites that Damm was charged with the offense of failure of a sex offender to notify law enforcement of a change of address. In this issue, Damm does not challenge the identity or presence elements of the analysis, nor does he argue that he did not commit a crime in Louisiana, the demanding state. Instead, Damm merely argues that the alleged date of the commission of the crime was incorrect and, therefore, the extradition documents were not facially in order. We disagree.

In his original affidavit for arrest warrant executed on July 24, 2014, Sergeant Vittatoe stated that Damm personally advised the St. Tammany Parish Sheriff's Office of his change of address on December 5, 2014. However, Sergeant Vittatoe executed an affidavit of clarification on October 30, 2014, stating that Damm actually appeared in person at the Sheriff's Office on December 5, 2013, not December 5, 2014. Additionally,

Ex parte Damm

## State of Louisiana Uniform Commitment Order

Judicial District 16TH

Court Section IBE

Parish of Commitment Iberia

Docket Number 12-0188

| Defendant/Case Identifiers: | | | |
|---|---|---|---|
| Name of Convicted | Gregory P. Damm | | |
| Race | White | Date of Birth (MM/DD/YYYY) | 12/28/1965 |
| Sex | Male | State ID Number | 002249473 |

**Total Sentence (*total length of incarceration imposed*)**

To be imprisoned at hard labor in the custody of the Department of Public Safety and Corrections for:

| ONE (1) | Years | ∅ | Months | ∅ | Days |
|---|---|---|---|---|---|

**Sentence Details:**

| Convicted of: (Revised Statute Number) | Number of Counts | Verdict/Plea: | Sentence Length (Example : 2 year, 6 months, 30 days) |
|---|---|---|---|
| 15 542 .27 | ONE (1) | GUILTY | ONE (1) YEAR |
| | | | |

**Sentence/Offense Dates (*MM/DD/YYYY*):**

| Offense Date(s) | December 1, 2011 | | | | |
|---|---|---|---|---|---|
| Adjudication Date | 06/06/2012 | | | | |
| Sentence Date | 06/06/2012 | | | | |
| Revocation Date(s) | | | | | |

| Sentence Conditions: | Docket Number | Parish, Judicial District of Docket Number |
|---|---|---|
| Concurrent with: (list docket numbers, parish, and Judicial District) | | |
| | | |

| Cosecutive to: (list docket numbers, parish, and Judicial District) | | |
|---|---|---|
| | | |

**Special Comments or Instructions (*such as suspended sentence or good time*):**

CREDIT FOR ALL TIME SERVED AWAITING DISPOSITION OF DOCKET NUMBER 12-0188 INCLUDING TIME SERVED IN THE PARISH OF ST. TAMMANY.

| Involved Parties (*Printed Names*): | |
|---|---|
| Minute Clerk: | Prosecutor: Jennifer S. Reasoner |
| Court Reporter: | Defense Attorney: |

The above sentence, handed down in Open Court, is the order of this Court and this shall be sufficient warrant for its execution.

Thus Done and Signed this ___6___ day of ___June___, 20_12_.

_____
Judge's Signature

| Judge's Printed Name and Mailing Address: |
|---|
| |

## Boudreaux, Lt Linda

| | |
|---|---|
| **From:** | Marie.Campbell@dps.la.gov |
| **Sent:** | Tuesday, November 29, 2011 9:13 AM |
| **To:** | shannon.arnold@dps.la.gov |
| **Cc:** | Boudreaux, Lt Linda |
| **Subject:** | Re: FYI |

Shannon,
He is an OOS offender who has failed to register in Louisiana.

Linda,
please investigate and advise.

Marie Campbell - Criminal Records Analyst-5
Louisiana State Police/Technical Support Services
Sex Offender/AFIS Quality Assurance/Fingerprints
Phone (225)925-6001
Fax    (225)925-7005
    Shannon Arnold/LSP/DPS/LAGOV

| | | | |
|---|---|---|---|
| **Shannon Arnold/LSP/DPS/LAGOV** | | | |
| | To | Marie Campbell/LSP/DPS/LAGOV@LADPS | |
| 11/28/2011 01:11 PM | cc | | |
| | Subject | FYI | |

Good afternoon,

Ok, I'm stumped on this one! This subject is not listed in the Louisiana sex offender registry and doesn't have his license flagged; however, when you run him through NCIC it comes back with a sex offender hit.

```
MKE/SEXUAL OFFENDER
ORI/LALSP3101 NAM/DAMM, GREGORY PBROWN SEX/M RAC/W
DOB/19651228 HGT/600 WGT/196 EYE/BLU HAI/BRO FBI/565439DA5
SMT/SC L HND
SOC/594079339
ORD/20111029 ERD/NONEXP SXP/N CRR/SEX ASSAULT
CON/20020730
OCA/002249473
DNA/N
SNU/517 SNA/BROAD STREET
CTY/CALINVILLE STA/IL ZIP/62626
COU/MACOUPIN
ORI IS LA DEPT OF PUBLIC SAFETY STATE POLICE HDQ 225 925-6325
NIC/X971524481 DTE/20111123 0332 EST DLU/20111123 0332 EST
```

DL INFO

LL 010742521   NEW     DATE: 11-28-11   TIME: 1308   (10559)
*FOR ADMINISTRATIVE USE ONLY - THIS IS NOT AN OFFICIAL DRIVING RECORD*

DAMM GREGORY PAUL  DOB 12-28-65  W/M BLU 511 189
RESIDENCE: 13 OAKLAWN DRIVE  NEW IBERIA  70562 SSN 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

1

MAIL: 13 OAKLAWN DRIVE  NEw IBERIA  LA  70562
E DOE 12-28-15 CT AUD NO 0049653981   PERS STATUS: *V A L I D*
ENDR NONE        RES 01,00,00
              DISC: =3

NO ENTRIES

INVESTIGATIVE REPORT

ACCUSED: GREGORY DAMM

OFFENSE: FAILURE TO REGISTER/NOTIFY AS A CONVICTED SEX OFFENDER

On Tuesday, 11/28/2011, I received an email from Louisiana State Police Criminal Records Analyst, Marie Campbell. She had been notified by LSP Investigative Specialist Shannon Arnold that Gregory Damm was not listed in the Louisiana Sex Offender Registry and doesn't have his La. driver's license flagged as "Sex Offender". However, when you run him through NCIC he comes back with a sex offender hit. Specialist Arnold stated she was, "stumped on this one!" Analyst Marie Campbell forwarded this email from Specialist Arnold to me for investigation.

I searched for this offender in Offender Watch and located his record in the La. Pre-Registration Account. This account had two entries in the Investigative Notes from the La. Pre-Registration Account by LaRonda Johnson. They were dated 10/12/11 and 11/22/11. The address for this offender listed in the pre-reg account was 517 Broad St., Calinville, IL. I called LaRonda Johnson because of her entries into Damm's account. I requested the date of his release from prison. I requested any contract or registration/notification requirements of Louisiana by a convicted sex offender that were signed by this offender. Damm's signature would indicate his knowledge of Louisiana's sex offender laws. LaRonda Johnson works with the Louisiana Department of Corrections and she had entered this offender into Offender Watch-La. Pre/Reg Account because he was being released from Incarceration. She was under the impression that Greg Damm had been released and gone to his reported, given address in Illinois.

A registration start date had been entered by La. State Police for Damm. This date was 10/29/11, yet he was not registered with any parish in Louisiana. That must have been his date of release from incarceration. I checked with Illinois State Police to determine if maybe Damm had registered in Illinois. He had not. Illinois State Police gave me the number to Carlinville, Illinois Police Department. They advised me there is no Calinville, Ill. (This must have been a misspelling by the La. Department of Corrections on the address in the Pre/reg account.) Officer Cheri Clossen, with the sex offender registry of Carlinville, IL advised me that Gregory Damm was not registered there and the address given by him, 517 Broad St., is not complete. It must be North or South. She advised 517 N. Broad St., Carlinville, IL is the address of City Hall.

A convicted sex offender has three business days from his date of release from incarceration to obtain registration as a convicted sex offender with the Sheriff of the parish of his residence.

I requested from LaRonda Johnson all evidence of Greg Damm being informed of his requirements in Louisiana as a convicted sex offender. LaRonda Johnson faxed to me copies of Damm's signed State of Louisiana Sex Offender Registration Forms. They were signed and dated 10/20/2011. She also faxed a copy of "Louisiana Sex Offender Registration and Notification Requirements Upon Release From Confinement by the Department of Public Safety and Corrections". This form was also dated 10/20/11. It was initialed and signed by Gregory Damm prior to his release. Copies of all of these signed forms are included with this report.

With the knowledge that this convicted sex offender was not registered in his declared address and state of Illinois, nor was he registered in any parish in Louisiana but had an unflagged Louisiana Driver's License with a New Iberia address, I requested Detective Anthony Solano to go to the address given to me by LSP. , 13 Oaklawn Dr. New Iberia. This was the address on his La. driver's license. Detective Solano reported that he checked the address on the license and found there is NO such address. The zip code on the D.L. is a Post Office Box zip code. All information given so far by the offender had been bogus. The details of Detective Anthony Solano's further investigation, which resulted in the arrest of this offender, are written in Detective Solano's investigative report.

Respectfully submitted by

*A. Linda L. Boudreaux*

Lt. Linda L. Boudreaux

EXH H Pg.6



BOBBY JINDAL
Governor

JAMES M. Le BLANC
Secretary

## State of Louisiana
### Department of Public Safety and Corrections

# CERTIFICATE OF RELEASE
## COMPLETION OF SENTENCE

NAME: _GREGORY DAMM_        DOC#: _457183_

RACE/SEX: _W/M_        DOB: _12/28/1965_

PHYSICAL LOCATION: _ST. TAMMANY PP_

This is to certify that the above subject has completed the _hard labor custody requirements_ for below listed case(s). _Full Term Release for the below docket only._

### DETAINER:
### ST. TAMMANY PARISH

| Parish | Docket Number |
|--------|---------------|
| IBR | 12CR188 |

**This release certificate in no way affects any reporting instructions of the sentence imposed by the court, and/or reporting requirements of statutory law.
**This release does not impact the status of other cases for this individual.

RELEASE EFFECTIVE THIS _14TH DAY_ OF THE MONTH OF _FEBRUARY_ IN THE YEAR OF OUR LORD 2013.

_____
WARDEN

Post Office Box 94304, Baton Rouge, Louisiana 70804-9304 • (225) 342-6649 • Fax (225) 342-3349
www.doc.la.gov
An Equal Opportunity Employer

**Form B-08-009-A**
**01 August 2012**

### Louisiana Sex Offender Registration and Notification Requirements
### Upon Release From Confinement by the Department of Public Safety and Corrections

Any adult residing in this state who has pled guilty to, has been convicted of, or adjudication has been deferred or withheld for the perpetration or attempted perpetration of, or any conspiracy to commit an enumerated offense as outlined in La. R.S. 15:542 shall register and make proper notifications pursuant to statute based on the requirements outlined below.

#### Initial Registration

You must register with the Sheriff of the parish of your residence, or residences, if there is more than one, and with the Chief of Police if your address is located in an incorporated area which has a police department. If the parish has a population in excess of 450,000, you shall register with the Police Department of the municipality of residence.

You must also register with the Sheriff of the parish or parishes where you are employed and the Sheriff of the parish or parishes where you go to school. If the population is in excess of 450,000, you shall register with the Police Department of the municipality where you are employed or attend school. If the school is an institution of postsecondary education, you must also register with the campus' law enforcement agency at least one business day prior to the beginning of the school term or semester.

Offenders relocating outside of the state of Louisiana must register immediately with the local law enforcement agency in the receiving state. If a Louisiana address was submitted during pre-registration and then you relocate out of state, you must also notify the Sheriff in the parish where the address was submitted of your intent of leaving the state of Louisiana.

You are required to report in-person to register in accordance with law to the appropriate law enforcement agency within three business days after release from confinement. You are required to pay an initial registration fee of $60.00 to each appropriate law enforcement agency, except for the campus law enforcement agency of an institution of postsecondary education. Failure to pay the fee within 30 days of initial registration shall constitute a failure to register.

You must provide the following information to the appropriate law enforcement agency at the time of registration and to the DPS&C at the time of pre-registration:

Name and any aliases you have used;
Physical address or addresses of residence;
Name and physical address of employment, including travel routes used;
Name and physical address of school you attend;
Two forms of proof of residence for each residential address or affidavit of an adult resident at address;
Crime of conviction including statue, date and place of conviction, and if known, the court and docket number;
Current photograph, fingerprints, palm prints and DNA sample if not already provided;
Telephone number, including cell phone number;
Description of every vehicle registered to or operated by you, including license plate number and copy of driver's license;
Social Security number and date of birth;
Physical description including but not limited to sex, race, hair color, height, age, weight, scars, tattoos or other identifying marks;
Every e-mail address, online screen name or other online identifiers.

The requirements for initial registration have been read and explained to me. I understand that if I fail to comply with any of the above requirements, or knowingly provide false information to a law enforcement agency, I can be charged under the provisions of La. R.S. 15:542.1.4, "Failure to Register." Additionally, I understand that if I am on probation or parole supervision, failing to comply with the above requirements could result in revocation.

#### Initial Notification

You must provide community notification within 21 days of release from confinement as follows:

You must give notice of the crime for which you were convicted and your name;
At least one person in every residence or business within a one-mile radius in a rural area and a three-tenths of a mile radius in an urban or suburban area of the address of your residence, including any adults residing in your residence;
The superintendent of the school district where you will reside;
The lessor, landlord, or owner of the residence or property on which you reside;
The superintendent of any park, playground or recreation district within the designated area where you reside.

You must also have published on two separate days a notice of the crime for which you were convicted, including your name, the jurisdiction of conviction, a description of your physical characteristics, your physical address and a recent photograph or a clear copy of a recent photograph, in a newspaper or an approved official journal in the parish in which you will reside. This will be without cost to the state. (Persons convicted of La. R.S. 14:92(A)(7) shall not be required to comply with the above.)

Any other notice that was deemed appropriate by the court in which you were convicted of the offense that subjects you to the duty to register, including but not limited to signs, handbills, bumper stickers or labeled clothing, etc.

If you provide recreational instruction to persons under the age of 17, you shall also post a notice in the building or facility where such instruction is being given. This notice shall contain your name, photograph, the date, jurisdiction of conviction and the crime for which you were convicted.

G.D. The requirements for initial notification have been read and explained to me. I understand that if I fail to comply with any of the above requirements, or knowingly provide false information to a law enforcement agency, I can be charged under the provisions of La. R.S. 15:542.1.4, "Failure to Register." Additionally, I understand that if I am on probation or parole supervision, failing to comply with the above requirements could result in revocation.

## Prohibited Employment

It shall be unlawful for any person required to maintain registration pursuant to Chapter 3-B of Title 15 to operate any bus, taxicab or limousine for hire or to engage in employment as a service worker who goes into a residence to provide any type of services.

It shall be unlawful for any person required to maintain registration whose offense involved a minor child to operate any carnival or amusement ride.
(This section only applies to persons ordered by the court to register as a sex offender on or after August 15, 2010.)

## Prohibited Use of Social Media

Intentional use of a social networking website by a person who is required to register as a sex offender and was convicted of La. R.S. 14:81, 14:81.1, 14:81.3, 14:283 or convicted of a sex offense as defined in La. R.S. 15:541 in which the victim of the sex offense was a minor child is unlawful and may be charged pursuant to La. R.S. 14:91.5.
Any person who is required to register pursuant to La. R.S. 15:542, who is otherwise not prohibited from using a networking website, and who creates a profile or who uses the functionality of a networking website to contact or attempt to contact other networking website users shall include in his profile for the website, an indication that he is a sex offender or child predator and include the crime of conviction, jurisdiction of conviction, a physical characteristics, and his residential address.

## Unlawful Presence of a Sex Offender

· If you are convicted of an offense as described in La. R.S. 15:541 when the victim is under the age of 13 or you are deemed a sexually violent predator, your presence may not be in, on or within 1000 feet of any school or motor vehicle or other means of conveyance, owned, leased or contracted by such school to transport students. You may not be in, on or within 1,000 feet of any public park, recreational facility, child care facility as defined in La. R.S. 46:1403 or public library property unless access is granted to the library through a regulated access plan. You may not establish any residence within 1,000 feet of any public or private elementary or secondary school, group home, residential home, child care facility as defined in La. R.S. 46:1403, family child day care home as defined in La. R.S. 46:1441.1, playground, public or private youth center, public swimming pool or free standing video arcade facility.
Any person convicted of a sex offense as defined in La. R.S. 15:541 shall not establish a residence or physically reside within three miles of the victim of the offense for which he was convicted. He may not knowingly be physically present within three hundred feet of the victim or communicate with the victim either by electronic communication, in writing, or orally.
If you are releasing to parole supervision or supervised release, further restrictions may apply.

By my signature below, I acknowledge that all applicable requirements of sex offender registration and notification have been explained to me and I hereby acknowledge receipt of this.

Gregory Damm
Offender's Name (print)

457183
DOC#

Offender's Residence Address

Gregory Damm
Offender's Signature

2-14-13
Date

P+P Specialist
Witness and Title

David Boe
Attachment: La. R.S. 14:91.5, 15:542, 15:542.1, 15:544 and 15.560.3.

Tuesday, April 9, 2013

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING HER HONOR, ALLISON H. PENZATO, JUDGE, DIVISION "H", JULIE KNIGHT, ASSISTANT DISTRICT ATTORNEY, RODNEY J. STRAIN JR, SHERIFF AND MALISE PRIETO, CLERK OF COURT. (Jerry Carpenter and Suzanne Melara, Bailiffs and Terry Owens, Court Reporter)

515452          STATE OF LOUISIANA
                VS
                GREGORY PAUL DAMM

The defendant being present in open Court and attended by Counsel, Milton Masinter, asked leave of Court to withdraw the defendant's previously entered plea of not guilty and entered a plea of guilty, whereupon Court had the defendant sworn and questioned as to his age, educational background, if the defendant could read and write the English language, if the defendant was under the influence of drugs, alcohol, or mind altering substances, questioned the defendant as to the knowledge of the charges against him and the possible penalties for same and subsequent felony convictions may result in greater penalties. Further, Court informed the defendant by pleading guilty he is waiving his right to an attorney or Court appointed attorney, right to a trial with or without a jury, right to confront accusers, right to cross-examine witnesses, right to subpoena witnesses, right against self-incrimination, the right to appeal and the right to an attorney or Court appointed attorney for the appellate process.     The State and Defense stipulated there is a factual basis to support the charge. The Court being satisfied the defendant is making a free and voluntary waiver of his constitutional rights and the defendant is satisfied with the advice received from his Counsel, and the Court having found the defendant has the necessary mental capacity, and does in fact, understand the nature of the charge. Court having found there is a factual basis to support the charge, accepted the defendant's plea and adjudicated the defendant guilty. Defense Counsel at this time waived delays in sentencing and Court ordered the following sentence be imposed:

GREGORY DAMM, having declared he is 47 and after having pled guilty to unlawfully violated **R.S. 14:542 FAILURE TO REGISTER AS A SEX OFFENDER by failing to register as a sex offender after having been convicted of AGGRAVATED ORAL SEXUAL BATTERY on JULY 30, 2002 under DOCKET NUMBER 93459 IN THE 16TH JUDICIAL DISTRICT COURT IN NEW IBERIA,** Court sentences the defendant to serve a period of two (2) years at hard labor with the Department of Public Safety and Corrections, State of Louisiana, to be served without benefit of probation, parole or suspension of sentence, credit for time served on this arrest.

Court imposed a fine in the sum of $100 but suspends execution of the fine.

Further, Court ordered the sentence imposed herein run concurrent with the Iberia Parish sentence.

Court advised him that under Article 930.8 of the Louisiana Code of Criminal Procedure he has a period of two (2) years in which to file any and all petitions for post-conviction relief.

The Defense Counsel withdrew any outstanding motions.

| | |
|---|---|
| STATE OF LOUISIANA | 22ND JUDICIAL DISTRICT COURT |
| VS. | |
| Gregory Paul Damm, | PARISH OF ST. TAMMANY |
| White Male, 12/28/1965 | |
| Social Security # 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 | STATE OF LOUISIANA |

## AFFIDAVIT OF PROBABLE CAUSE

*AFFIANT CAME AND APPEARED BEFORE ME*, the undersigned Notary Public, duly commissioned and qualified, did appear:

Captain Barney Tyrney of the St. Tammany Parish Sheriff's Office, who, having been duly sworn by me, did depose and say that based upon his investigation, **Gregory Paul Damm, White Male, 12/28/1965, Social Security # 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**, did willfully and intentionally violate **One (1) Count of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address** in St. Tammany Parish, Louisiana. The St. Tammany Parish Sheriff's Office investigated the charges and obtained a warrant for the arrest of the defendant, **Gregory Paul Damm, White Male**, 12/28/1965, Social Security # 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. After investigation by the St. Tammany Parish Sheriff's Office, it is alleged that **Gregory Paul Damm** willfully and unlawfully violated La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Department Sex Offender Registry and advised that he was relocating to 315 University Place, Belleville, Illinois and provided his brother's phone number as a contact. On that date, he was currently residing at 4469 Ponchartain Drive, Apt. 7, Slidell, Louisiana. He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address. On July 23, 2014, Louisiana State Police contacted St. Tammany Parish Sheriff's Department and advised that Illinois State Police Sex Offender Registry had contacted Louisiana State Police to advise that Gregory Paul Damm had never registered as a sex offender within the State of Illinois. On July 24, 2014, St. Tammany Parish Sheriff's Office prepared an Affidavit for an Arrest Warrant for violation of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address. The arrest warrant was granted by the Honorable Judge William J. Knight. On July 25, 2014, the arrest warrant for Gregory Paul Damm was entered into NCIC for an increased opportunity of apprehension. The above acts constitute a felony under the laws of the State of Louisiana. A copy of the warrant is made a part hereof and is attached hereto.

The above occurred within this State and Parish, and the jurisdiction of the St. Tammany Parish Criminal Court, contrary to the form of the statutes of the State of Louisiana in such case made and provided, and against the peace and dignity of the same.

Wherefore, deponent prays that the said accused be extradited and dealt with according to law.

_____
Captain Barney Tyrney/St. Tammany Parish Sheriff's Office

**SWORN TO AND SUBSCRIBED BEFORE ME** this 30th day of October, 2014.

_____
Jessica J. Brewster
La Bar #29101/Notary Public #79793

## DETERMINATION OF PROBABLE CAUSE

WHEREAS, Captain Barney Tyrney, of the St. Tammany Parish Sheriff's Office, has been made before me, upon oath administered by Jessica J. Brewster, Notary Public, alleging that one, **Gregory Paul Damm, White Male, 12/28/1965, Social Security # 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**, is charged with **One (1) Count of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address**, in St. Tammany Parish.

WHEREAS, after a review of the foregoing affidavit and attachment, in reference to this matter, I find that there exists probable cause to believe that the aforementioned defendant committed the crimes for which he is charged and authorize the extradition of said subject to St. Tammany Parish, Louisiana, to face said charges.

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

## APPLICATION FOR REQUISITION OF EXTRADITION

### TO: HONORABLE BOBBY JINDAL
#### GOVERNOR OF LOUISIANA

Enclosed is a certified copy of the Arrest Warrant found in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, which charges one **Gregory Paul Damm, White Male,** 12/28/1965, Social Security # **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,** with the crime of violation of the provisions of the State of Louisiana, **One (1) Count La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address,** in St. Tammany Parish, after an investigation by the St. Tammany Parish Sheriff's Department, it is alleged that Gregory Paul Damm willfully and unlawfully violated La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address on or about December 5, 2013, when he appeared at the St. Tammany Parish Sheriff's Department Sex Offender Registry and advised that he was relocating to 315 University Place, Belleville, Illinois and provided his brother's phone number as a contact. On that date, he was currently residing at 4469 Ponchartain Drive, Apt. 7, Slidell, Louisiana. He informed law enforcement on December 5, 2013, that he was leaving that date to go to the Illinois address. On July 23, 2014, Louisiana State Police contacted St. Tammany Parish Sheriff's Department and advised that Illinois State Police Sex Offender Registry had contacted Louisiana State Police to advise that Gregory Paul Damm had never registered as a sex offender within the State of Illinois. On July 24, 2014, St. Tammany Parish Sheriff's Office prepared an Affidavit for an Arrest Warrant for violation of La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address. The arrest warrant was granted by the Honorable Judge William J. Knight. On July 25, 2014, the arrest warrant for Gregory Paul Damm was entered into NCIC for an increased opportunity of apprehension. The circumstances of the commission of the alleged crime are attached in the supporting Affidavits and documents.

I aver and allege that **Gregory Paul Damm,** White Male, 12/28/1965, Social Security # **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,** has committed the acts which form the basis of a violation of **One (1) Count La R.S. 15:542.1.2 Duty of Offender to Notify Law Enforcement of Change of Address**, in St. Tammany Parish, State of Louisiana and is a fugitive from justice. I have reason to believe, based on reliable information received by me, that **Gregory Paul Damm,** White Male, 12/28/1965, Social Security # **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** is to be found at the **Johnson County Jail, Texas.**

The ends of justice, in my opinion, require that he be brought to this State for prosecution under said warrant. In my opinion, the facts stated in said affidavits are true and I believe the prosecution of **Gregory Paul Damm, White Male,** 12/28/1965, Social Security # **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** will result in his conviction of the crime(s) alleged herein.

I nominate Rodney J. Strain, Sheriff of St. Tammany Parish, or authorized agent of the St. Tammany Parish Sheriff's Office, as the proper person(s) to be appointed by you as Agent(s) of the State of Louisiana, to receive said fugitive where he shall be apprehended and delivered to the Sheriff of St. Tammany Parish.

I certify that the said Sheriff of St. Tammany Parish, Rodney J. Strain, has no private interest in the proposed arrest. The requisition asking for said fugitive is not sought for the purpose of collecting a debt or conferring a civil remedy, or for any other private purpose.

Therefore, I respectfully request that you issue a requisition to the Governor of the State of Texas for the apprehension and rendition of the said **Gregory Paul Damm, White Male,** 12/28/1965, Social Security #**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,** to the said Agent(s). In my opinion it would be proper for your Excellency to issue the requisition asked.

Parish of St. Tammany, State of Louisiana, this 30th **day of October, 2014.**

I, Jessica J. Brewster, being duly sworn on my oath say that the allegation and averments in the foregoing application are true.

_____
Assistant District Attorney

EXH - K

# RETURN
# EXECUTIVE WARRANT

### THE STATE OF LOUISIANA

#### vs.

#### GREGORY PAUL DAMM

**OFFENSE:** Failure of Sex offender to notify Law Enforcement of Change of Address

Governor's Warrant issued on _November 14th_, 2014.

Governor's Warrant received on _November 25th_, 2014 and executed same on _November 25th_, 2014 by arresting the within – named person. Surrendered to agent(s) from the demanding state named in said warrant on _____, 2014.

*(After the defendant has been delivered to the agents of the demanding state, please file this return and attachments with the Office of the Governor, Extradition Section, P. O. Box 12428, Austin, Texas 78711.)*



.S. POSTAGE
PAID
LEBURNE,TX
76033
AR 23, 15
AMOUNT
**$0.00**
00109874-10

Expected Delivery Day: 03/25/15

USPS TRACKING NUMBER



9505 5110 9874 5082 5857 77

TENTH COURT OF APPEALS

McLennan County Courthouse

501 Washington Avenue, Rm A15

Waco, Texas 76701-1373

ST. TAMMANY PARISH JAIL
NOT CENSORED